## HERBERT S. GILBERT & CO.

*v.*

## PATRICK McGINNIS *et al.*

*Filed at Ottawa May 15, 1885.*

1. CONTRACT—*right to rescind for refusal to comply with terms except upon new conditions.* Where a purchaser of a lot of corn to be delivered to him at a future time, agrees, as a part of the contract of sale, to make such advances from time to time as the seller may require, if the purchaser refuses to make an advance when demanded, except upon condition that the vendor shall give his note for the amount, the seller may rescind the contract, and refuse to deliver the corn.

2. SAME—*custom, usage—how far admissible to explain or vary terms of contract.* Where a commercial contract is in any respect ambiguous, a particular custom or usage of trade known to the parties, or which, under the circumstances, they are presumed to know, or any previous course of dealing between them that will have a tendency to disclose the real intention of the parties, and to aid the court in arriving at the true construction of the contract, is admissible in evidence.

3. Evidence of a particular custom or usage of trade is also admissible, for the purpose of engrafting, as it were, new terms into a contract, subject, however, to the qualification that such terms are not expressly or impliedly excluded by the express agreement. To have this effect the custom or usage must be reasonable, and not in conflict with any general rule of law.

4. But it is not admissible to prove a custom or usage the effect of which will be to add to an express agreement a condition or limitation which is repugnant to or inconsistent with the agreement itself. Such evidence is never admitted to vary or contradict, either expressly or by implication, the terms of an agreement, written or verbal.

5. In February a person agreed to sell to another a quantity of corn at a stipulated price per bushel, to be delivered in the months of August and September following, and the purchaser, as a part of the same agreement, promised to make advances on the contract to the seller of what money he might, from time to time, require. It was *held*, in a suit upon the contract brought by the purchaser for non-delivery of the corn, that evidence that a custom or usage prevailed requiring the vendor to give to the vendee his note upon receiving any such advances, was not admissible in behalf of the plaintiff, as it was inconsistent with the express contract.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. GEORGE W. STIPP, Judge, presiding.

Messrs. BULL, STRAWN & RUGER, for the appellants:

On entering into a commercial contract, it is presumed that the parties made it in view of the known usage and custom which relates to that branch of trade. *Insurance Co.* v. *Advance Co.* 80 Ill. 549; *Doane* v. *Dunham*, 79 id. 131.

A person dealing in a particular market must be taken to deal according to the known, general and uniform custom or usage of that market. *Bailey* v. *Bensley*, 87 Ill. 556; *Pennsylvania Co.* v. *Stoelke*, 104 id. 201.

This is true unless the custom is inconsistent with and directly opposed to the express terms of the contract. Custom may even give the contract a different interpretation than would otherwise be given to its clearly expressed terms. *Insurance Co.* v. *Favorite*, 46 Ill. 263.

The contract is presumed to have been made in reference to existing usage or custom relating to the grain trade, and it was competent to resort to such usage to ascertain and fix the terms of the contract. *Lonergan* v. *Stewart*, 55 Ill. 44.

That the custom of requiring notes for advances was general and universal, and therefore well known in this market, we offered to show, but were not permitted. We think this proof was proper and competent. 1 Powell on Contracts, 272, 273, 384; 2 id. 41; Chitty on Contracts, 112; *Insurance Co.* v. *Advance Co.* 80 Ill. 549.

Unless making advances was a condition precedent, a failure to make the same furnished no ground for rescinding, but gave only a right of action. *McKee* v. *Ritter*, 5 Gilm. 315; *Barruso* v. *Madan*, 2 Johns. 145; 2 Parsons on Contracts, 677.

Messrs. Duncan & O'Connor, for the appellees:

Every element of this contract was expressed, and no necessity existed for invoking any of the rules of law or customs of business for the interpretation of ambiguous features, or supplying omitted details. The promise to deliver corn was dependent upon the promise to make advances, and a refusal to make advances authorized the vendor to rescind.

Mr. Justice Mulkey delivered the opinion of the Court:

On the 16th of February, 1881, Patrick McGinnis, the appellee, sold to the appellants, Herbert S. Gilbert & Co., seven thousand bushels of corn, at thirty-nine cents per bushel, to be delivered in the months of August and September following. As a part of the same agreement the appellants promised to make advances on the contract to appellee of what money he might, from time to time, require. A short time after the making of this agreement, appellee called on the appellants, at their business house in Ottawa, and requested an advance on the contract, as per agreement. The clerk in charge of their business told him he could have the money, and commenced writing a note for the amount, whereupon appellee stated to the clerk he would not sign a note, remarking, in effect, that if he wanted to obtain money in that way

he could get it from the bank. Appellants refused to make the required advance unless appellee would give his note for the amount. This he declined to do, and informed the clerk at the time he would not let appellants have the corn. The corn not having been delivered within the time specified in the agreement, the appellants, on the 3d day of October, 1881, commenced an action of assumpsit, against appellee, in the circuit court of La Salle county, to recover damages for the non-delivery of the corn, which resulted in a judgment in favor of the defendant, for costs. This judgment having been affirmed by the Appellate Court for the Second District, the plaintiffs appealed to this court.

On the trial the plaintiffs offered to show there was a general custom among grain merchants to take notes from the seller for the amount of advances made under contracts for the sale of grain, like the one in question. They also proposed to prove that on previous occasions there had been contracts and dealings similar in character to the one sued upon, and that the manner of dealing between the parties was, when an advance was made, memoranda or notes should be taken for the money advanced. The court declined to admit evidence to the jury in support of either of these positions, and the ruling of the court in this respect presents the only question for determination. The same question is raised by certain refused instructions asked on behalf of the appellants.

The rule is well recognized that where a commercial contract is in any respect ambiguous, a particular custom or usage of trade known to the parties, or which, under the circumstances, they are presumed to know, or any previous course of dealing between them that will have a tendency to disclose the real intentions of the parties, and to aid the court in arriving at its true construction, will be admissible in evidence. Such evidence is not only admissible for the purpose of explaining the terms of a contract, but also for the purpose of ingrafting, as it were, new terms into it, sub-

ject, however, to the qualification that such new terms are not expressly or impliedly excluded by the express agreement. (1 Smith's Leading Cases, *307, *et seq.*) To have this effect, however, the usage must be reasonable, and not in conflict with any general rule of law. (*Macy et al.* v. *Wheeling Ins. Co.* 9 Metc. 354.) The proof offered in this case was clearly not for the purpose of explaining any ambiguity in the contract, or for the purpose of showing that some particular word or phrase in it is used out of its ordinary signification. No claim of this kind is made. It is conceded by both parties that appellants were to make advances,—that is, let appellee have money, from time to time, as he might need it, under the contract. So far there is no controversy. But appellants contend that a custom or usage prevailed, not adverted to in the express agreement, which required the appellee to give to them his note upon receiving any such advances. The usage here sought to be shown, it is clear, was for the purpose of adding a stipulation on the part of appellee which, it is conceded, is not found in the express agreement. This, as we have already seen, may sometimes be done; but whether it could be done in this particular case depends upon whether the stipulation thus to be added is inconsistent or in conflict with that part of the agreement which is expressed, and about which there is no controversy. We are clearly of opinion that it is, and that the trial court therefore ruled properly in excluding the evidence and in refusing the instructions complained of.

An advance or payment of money on a contract of sale, without doubt, is altogether a different thing from that of obtaining money from the purchaser on the seller's own note. The legal effect of the transaction in the first case is to extinguish, *pro tanto*, the seller's claim and the purchaser's corresponding liability. In the second, no part of either is extinguished. Instead of collecting something on his corn, as provided by the agreement, the seller is offered a loan of

money on his individual note, which would be a complete change of the legal relations of the parties. Whereas the seller was, before, a mere creditor of the purchaser, he at once, upon giving such a note, becomes the debtor of the purchaser, and no part of the debt due him on account of the sale is thereby discharged. Thus it is seen the legal effect in the one case is practically the very opposite of what it is in the other, and might in many cases result in the grossest injustice. For instance, had appellee given his note for the required advance, the appellants might, the next hour thereafter, have transferred it to another for value, and appellee would have been compelled to pay it, whether he ever got a cent for his corn or not. This is apparent. That one will not be permitted to prove a custom or usage the effect of which will be to add to an express agreement a condition or limitation which is repugnant to or inconsistent with the agreement itself, will hardly be questioned. This is not only the universally received doctrine on the subject, but it has been often fully recognized by this court. *Cadwell* v. *Meek*, 17 Ill. 220; *Bissell* v. *Ryan*, 23 id. 566; *Deshler* v. *Beers*, 32 id. 368; *Wilson* v. *Bauman*, 80 id. 493. In the editor's note to *Wigglesworth* v. *Dalleson*, Smith's Leading Cases, 309, it is said: "Evidence of usage, though sometimes admissible to add to or explain, is never to vary or to contradict, either expressly or by implication, the terms of a written instrument,"—citing in support of the proposition, *Magie* v. *Atkinson*, 2 M. & W. 442, *Adams* v. *Worldley*, 1 id. 374, *Freeman* v. *Loeder*, 11 A. & E. 589, and *Gates* v. *Pym*, 6 Taunt. 445. The rule here stated is equally applicable to a verbal contract, where the terms of it are definitely fixed, as they are in the present case.

It follows from what we have said, and the authorities cited, the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*