Bloomington Canning Co. v. Bessee.

---

### Bloomington Canning Company v. Bessee.

1. *Express Provision of a Contract—Custom, etc.*—The express provision of a contract can not be radically changed and avoided by a general custom or usage.

2. *The Office of a Custom.*—The true office of a custom, in this respect, is not to change a contract, but to make clear its true meaning when its terms are ambiguous or uncertain, or when words are used which have a trade, or commercial, or peculiar meaning.

Memorandum.—Assumpsit for a breach of contract. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Circuit

Judge, presiding. Heard in this court at the May term, A.D. 1892, and affirmed. Opinion filed October 17, 1892.

### APPELLANT'S STATEMENT OF THE CASE.

This suit was brought for an alleged breach of the contract, set out in full in the opinion of the court. Plaintiff claimed the value of twenty acres of sweet corn, on the ground that the company failed to notify him to deliver it until it was too ripe; that he offered to deliver it before it was too ripe, but that the company refused to receive it. The company denied that they refused to receive it, and claimed that corn was worth more than the contract price, that it was short of corn and needed it badly, and that the defendant violated his contract by not delivering it in time, and claimed damages as set-off. The jury gave $200 damages, and refused to allow the set-off.

WILLARD & WILLIAMS, attorneys for appellant.

### APPELLEE'S BRIEF.

" A custom can not be set up against the clear intention of the parties." 2 Parsons on Contracts, 546.

" Where the terms of a contract are plain, usage, even under the very contract, can not be permitted to affect materially the construction to be placed upon it." 2 Parsons on Contracts, 547.

" A particular usage or custom is no part of a contract which expressly excludes it, or of which the parties are shown to have no knowledge." L. S. & M. Ry. Co. v. Richards, 126 Ill. 448–456.

" No usage or custom can be set up to contravene the express terms of a contract." Everingham v. Lord, 19 Brad. 565–568.

" Custom or usage is not admissible to add to an express agreement a condition or limitation repugnant to, or inconsistent with the contract, to vary or contradict it expressly or by implication." Gilbert v. McGinnis, 114 Ill. 28.

" Where the parties have settled the terms of a contract by agreement, they will be concluded by it, regardless of usage or custom." Corbett v. Underwood, 83 Ill. 324.

" A private and special custom can not control the express words of a contract." Mulliner v. Bronson, 14 Brad. 355.

ROWELL, NEVILLE & LINDLEY, attorneys for appellee.

OPINION OF THE COURT, the Hon. Carroll C. Boggs, Judge.

This is an appeal from a judgment in favor of the appellee in the sum of $200, damages awarded for a breach of the following contract:

" Articles of agreement, made between T. A. Bessee, of the first part, and the Bloomington Canning Company, of the second part. Witnesseth : That said first party agrees to plant for the second party twenty acres, with privilege of forty acres, of sugar corn, on terms and conditions following: The second party agrees to furnish the seed to plant the same. First party agrees to plant the kinds of corn and at the time second party may designate; to cultivate the same thoroughly, to pick said corn and deliver the same in the husk to the second party—the same day said corn is picked— at the factory in Normal, at such times as second party may direct, and in good canning condition, suitable for canning. The second party agrees to pay the first party 40 cents per 100 pounds of ears of husked corn, delivered as aforesaid; said corn to be husked by the party of the second part. It is mutually agreed that in case of unavoidable accident, so said second party can not can corn, then said second party shall have the right to the said corn dry; and in that event, said first party shall have the right to deliver said corn or not at his option.

" In witness whereof, the parties hereunto have set their hands and seals this 5th day of March, 1891."

(Signed by the parties.)

The true construction of this contract is the material question in this record. As we construe it, the appellee undertook to raise twenty acres of sugar corn for the

appellant company from seed to be furnished by the company, which was to be planted by the appellee at a time designated by the company. The appellee was required to thoroughly cultivate the crop, to pick the corn at such time as the canning company should direct, and deliver it in good condition for canning, the same day it was picked, to the canning factory in Normal.

The obligations of the appellant company under the contract were to furnish the seed, fix the time of planting and direct when the corn should be picked, and receive and pay for the corn. The Circuit Court so construed the contract. The appellant company did not direct the picking of the corn until it was too hard for canning, and then refused to take it.

The appellant company offered to prove that its usual and long established custom in dealing with parties growing corn for it, was to give such parties general information as to the proper condition of ripeness of corn for canning purposes, and leave the time of gathering, in view of such general information, to the judgment of those growing the corn, the company reserving, however, the right to hasten or delay the picking and delivery of the corn, so that the factory might have a regular supply of corn at all times, etc., etc.

The court refused to allow this proof to be made.

Under the contract the fitness of the corn for canning was to be determined by the appellant company before it was picked, and the appellee had only to pick the ears when directed and deliver them the same day they were picket to the appellant in good condition for canning. Under the usage sought to be shown the responsibility of determining when the corn was in proper condition to be picked was cast upon the grower of corn, who must suffer the loss if his judgment be at fault.

The express provision of a contract can not be thus radically changed and avoided by a general custom or usage. Gilbert v. McGinnis, 114 Ill. 28.

The true office of a custom in this respect is not to change

a contract, but to make clear its true meaning when its terms are ambiguous or uncertain, or when words are used which have a trade, or commercial, or peculiar meaning. Gilbert v. McGinnis, 114 Ill. 28; see Greenleaf Evid., 2d Vol., Sec. 251 and notes; Parson on Contracts, Vol. 2, p. 547.

This general usage and custom was properly held not competent evidence. The appellee had raised corn for the appellant company during a prior year, and appellant complains that the court, though holding the usage, acts and conduct of the parties during the former years in the execution under the contracts of such prior years proper to be shown, as a means of interpreting the contract at bar, refused to admit in evidence proof that the contracts for the said year and the contract in question were drawn and executed upon the same printed blank forms. We think this proof ought to have been admitted, as it tended strongly to show that the contracts for the several years were identical in terms and conditions.

The acts and usage of the parties during such prior year was, however, fully shown by both parties wholly upon the assumption that the contracts were the same. The court, at the request of the appellant company, instructed the jury in effect that the contract should be enforced according to the intention and understanding of the contracting parties at the time of its execution, and that in arriving at a conclusion as to what meaning should be given to that phrase in the contract, which required that the corn should be picked at such time as the appellant company might direct, the jury might consider the acts and conduct of the parties during the former year, and that if, from all the evidence, the jury believed that the parties to the contract at bar understood when it was executed that the appellant company was only required and expected to give general directions as to the time when corn should be picked, then the verdict should be for the appellant company.

As both of the parties and the court proceeded upon the assumption that the contracts were the same, and as the court instructed the jury that the contracts of the last

year might be interpreted by the acts and conduct of the parties under the contract of a former year, it is manifest that the proof as to the use of the same form of contract, if admitted, would but have been additional proof of a fact assumed and conceded by all to be true. We can not regard the act of the court in refusing to allow such proof to be made as an error demanding a reversal.

We find no reason for reversing the judgment, which seems to us right upon the merits. Affirmed.