## Matthew Huston v. The People of the State of Illinois.

1. VENUE—*In Criminal Cases.*—Failure to prove the county in which an offense is committed is fatal to a judgment of conviction.

2. NOTICE—*Judicial, of Municipalities.*—Courts take judicial notice of the location of municipal corporations.

Memorandum.—Indictment under the liquor laws. Error to the Circuit Court of Henderson County; the Hon. R. COOPER, Judge, presiding. Heard in this court at the December term, 1893. Reversed and remanded. Opinion filed May 22, 1894.

The opinion states the case.

BRIEF OF PLAINTIFF IN ERROR, J. H. HANLEY AND H. A. BOYER, ATTORNEYS.

Failure in a criminal case to prove the county in which the offense was committed is fatal to a conviction. Geo. Salter v. The People, 59 Ill. p. 68; Hugh Rice v. The People, 38 Ill. p. 436; Jacob Ferkel v. People, 16 App. 310; Jackson v. People, 40 Ill. 405.

E. U. OVERMAN, state's attorney, attorney for the defendant in error.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Plaintiff in error was prosecuted upon information for selling and giving intoxicating liquor to one Henry Andrews, a person in the habit of getting intoxicated. There was a trial by jury and conviction for selling.

There was sufficient evidence to show that Anderson was in the habit of getting intoxicated and that plaintiff in error sold him whisky. The evidence does not show, however, that the sales were made in Henderson county. It shows they were made in Media, Illinois, the place at which plaintiff in error was doing business, and counsel for the State insists that upon the authority of Sullivan v. The People, 114 Ill. 28, and Sullivan v. The People, 122–387, the venue was sufficiently proven.

In the cases cited, the Supreme Court held in the first, that proof that the offense was committed in Peoria, was sufficient, because Peoria is in Peoria county, and in the second, that proof that the crime was committed in Chicago was proof that it was committed in Cook county. Chicago and Peoria are incorporated cities and their location in their respective counties presumed. So we think proof of the commission of an offense in any incorporated city or village would be sufficient proof of its commission in the county where the incorporated city or village is located. Courts take judicial notice of the location of municipal corporations.

There is no incorporated city or village in Henderson county named Media. We can not presume that a collection of houses called by that name is located within the boundaries of Henderson county. 1 Greenl. Ev., Sec. 6, and notes thereto.

For the reason that the venue was not proven, the judgment of conviction will be reversed and the cause remanded.