REUBEN S. WHITTIER *vs.* ABBY M. CHILD, trustee.

Suffolk.    March 28, 1899. — June 30, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Contract for Services performed for Trustees under Will.*

In this case, which was an action of contract against A., the surviving trustee, for services performed, it was held that the evidence would warrant a finding that the plaintiff was hired by B., the deceased trustee, in behalf of both trustees, with the knowledge and approval of A., that the services were reasonably necessary for the care and repair of the trust property, and that they were not regarded by either party as gratuitous, and that therefore it was error to direct a verdict for the defendant.

CONTRACT, against the surviving trustee under the will of Jason R. Cummings for work, labor, and services performed. Trial in the Superior Court before *Bond,* J., who, at the close of the evidence for the plaintiff, directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*W. H. Baker,* for the plaintiff.

*A. Hemenway,* (*J. W. Spring* with him,) for the defendant.

HAMMOND, J.   There was abundant evidence tending to show that at the request of Mrs. Cummings, who was the co-trustee of the defendant, the plaintiff performed services reasonably necessary for the care and repair of the trust property, and that the services were not regarded either by the plaintiff or by Mrs. Cummings as gratuitous.

The only questions, are whether in hiring the plaintiff Mrs. Cummings acted in her individual capacity or as trustee, and whether if she acted in the latter capacity it was with the knowledge and consent of the defendant as co-trustee.   The burden was upon the plaintiff.

We think that there was evidence which would warrant a verdict for the plaintiff upon both these propositions.   As an individual Mrs. Cummings had no other relation to this property than as a *cestui que trust* of a part of the income.   As a trustee, however, under her husband's will, it was her duty to see to the

care and repair of the property and to have this work done. There is nothing in the evidence necessarily inconsistent with the idea that Mrs. Cummings in employing the plaintiff was acting as trustee, and a jury might well find that in what she did she was acting under the duty imposed by her acceptance of the trust, and not as an individual.

If she was acting as a trustee, then the defendant as surviving trustee was liable if the work was done with her knowledge and approval. Many of the circumstances point to such knowledge and approval.

The property comprising the trust estate consisted of about thirty houses located in the city of Chelsea, " of three tenements in each house," and which were ordinarily let to tenants. It is apparent that there was a necessity for a pretty active supervision over such property, for the purpose of keeping it in proper condition and of securing the rent from the occupants. The trustees were the defendant and her mother, and the net income went three fifths to the mother and two fifths to the defendant, so long as both lived. For about four years the property was held by them as trustees, with the duty resting upon both of them, the defendant as well as her mother, to see that it was properly cared for. There is no suggestion that the defendant herself did anything about the property either personally or by any agent specially designated by her, nor is it argued or suggested that she expected her mother to do the manual labor necessary for the due performance of the duty resting upon both. To suppose that she did not know the property was duly cared for is to suppose that she did not do her duty. A jury might have found that the most reasonable explanation of the undisputed facts was that she knew what was being done by her mother, and that her mother was acting for both as trustees. Besides, the plaintiff testified that after the death of the mother he had a talk with the defendant, in which she asked him to " keep right on collecting the rents just the same and doing the work."

The defendant shared in the net income of the trust fund. So far as appears, it was the only immediate benefit which came to her from her father's estate, and if she objected to any of these expenses as not being properly incurred by her mother as her co-trustee, it was her right and there was occasion to make it

known. For four years this went on, and it does not appear that she made any objection, although it does appear that in some way mother and daughter were not on good terms, and that the mother had made some remarks about trouble in settling the estate.

All these things, of course, do not show as matter of law that the plaintiff is entitled to a verdict, but taken with other circumstances they show that it was a question of fact for the jury whether or not the most reasonable conclusion upon all the evidence was that in hiring the plaintiff the mother acted as trustee with the knowledge and consent of the defendant as her co-trustee, or, in other words, that by an understanding between the mother and the defendant the former, acting for both as trustees, hired the plaintiff.

We have said nothing about the auditor's report. It may perhaps be urged by the defendant that the auditor in finding for the plaintiff simply meant to rule, as a question of law, that upon the facts found by him the defendant was liable. Without passing upon that question, we base our decision upon the other evidence.      · *Exceptions sustained.*