AMERICAN MINING AND SMELTING COMPANY *vs.* JAMES W. CONVERSE & others.

Suffolk. January 10, 1900. — March 2, 1900.

Present HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Money advanced — Loan or Executory Purchase — Principal and Agent — Action — Contract — Ratification — Failure of Consideration.*

There is a distinction between transactions where the emphasized object is an advance of money, whether to be repaid in money or goods, and those where the object is a sale and where an advance, if made, is only incidental to the purchase and not its end. To receive an advance of the latter sort may be within the power of an agent not authorized to borrow, so far that if the goods are not delivered the advance can be recovered because of the failure of the consideration.

CONTRACT, to recover a balance alleged to be due for money advanced by the plaintiff to the defendants. At the trial in the Superior Court, before *Fessenden*, J., the jury returned a verdict for the plaintiff; and the defendants alleged exceptions, which appear in the opinion.

*B. L. M. Tower*, (*E. O. Hiler* with him,) for the defendants.

*W. R. Bigelow*, for the plaintiff.

HOLMES, C. J. This was an action to recover a balance alleged to be due for cash advanced by the plaintiff to the defendants. The defendants were trustees under a deed of a mine, and lived in Boston. The money was advanced in Colorado to one Armitage, the manager of the mine. The contest is on the authority of the manager to make the defendants liable, and the case is here on exceptions, especially to a refusal to direct a verdict for the defendants. On the testimony the case presented two aspects. One, it almost might be called the more obvious, was that the transactions were not loans in a proper sense, as they are treated by the defendants, but that they were executory purchases of ore in sight, with payments in the mutual account somewhat in advance of the amount of ore received at the moment, but in the expectation of speedy deliveries of ore enough to make the advances good. Ultimately deliveries were prevented by a heavy flow of water into the

mine. As there was no doubt of Armitage's authority to sell, and as there was evidence that this mode of sale with advances was customary with mine managers in Colorado and was regarded as within the usual scope of their authority, (see also *Robert E. Lee Silver Mining Co.* v. *Omaha & Grant Smelting Co.* 16 Col. 118,) if this view of the case was taken by the jury, they reasonably might find for the plaintiff irrespective of any question of ratification on the ground that the money was advanced to the defendants upon an authorized contract of purchase which fell through, so that there was a failure of consideration and the defendants were bound to refund it. This was the substance of one part of the instructions excepted to, and it was correct. There is a plain distinction, although, as in many other instances, it may be difficult to draw in cases near the line, between transactions where the emphasized object is an advance of money, whether to be repaid in money or in goods, and those where the object is a sale, and where the advance, if it happens, is only incidental to the purchase, not its end. *Gilbert* v. *McGinnis*, 114 Ill. 28, 32, 33.

The other aspect of the case was that the money was borrowed by Armitage. There was evidence that it was borrowed, if it was borrowed, on the personal credit of the defendants. There was evidence also that all the facts, the nature of the arrangement, and the amount of money received, were reported by Armitage to the defendants, and that they replied, made no comments, and seemed satisfied that he was able to go on without drawing on them for more money. The argument for the defendants assumes on the strength of certain testimony that the transactions were, or at least properly were understood by the defendants to be, advances on the ore alone, without personal responsibility. But that was a question for the jury. To say the least, that was not the necessary conclusion from the evidence. The charge of the judge in putting the question of ratification to the jury plainly was dealing with the evidence which showed an arrangement purporting to bind the defendants. The jury were warranted in finding such an arrangement, and that it was ratified. *Metcalf* v. *Williams*, 144 Mass. 452. *Harrod* v. *McDaniels*, 126 Mass. 413, 415. *Breed* v. *First National Bank of Central City*, 4 Col. 481, 507.

It is suggested that the judge erred in saying to the jury that there was direct evidence of a promise by the defendants to pay. But the judge was interrupted by counsel when he made this statement, and thereupon said that he would not undertake to state about the evidence. We think that the statement fairly was understood to be withdrawn, so far as it rested on particulars to which the judge then was referring. He went on to say that if the defendants had placed a person there clothed with apparent authority to do what he did, the defendants would be bound. This of course was true as an abstract proposition, and, as we have said, there was evidence that the managers of mines in Colorado, as such, were understood to have authority to make such contracts as Armitage made. Therefore the instruction was correct, notwithstanding the counter evidence that by Colorado law, managers of mines have no authority to borrow. It also was true, of course, as the judge said, that the fact that the trust deed provided that the defendants should be free from personal liability, i. e. under the deed, did not limit their authority to contract personally with the plaintiff if they saw fit. There is nothing else in the bill of exceptions that requires special mention.     *Exceptions overruled.*