W. B. MANUFACTURING COMPANY *vs.* JOSEPH RUBENSTEIN & another.

Suffolk.  June 22, 1920. — June 23, 1920.

Present: RUGG, C. J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Unfair Competition. Trade Name. Equity Jurisdiction,* Unlawful use of trade name. *Equity Pleading and Practice,* Appeal. *Witness,* Expert. *Evidence,* Opinion: experts, Competency.

While it is the duty of this court, on an appeal from a final decree in a suit in equity with a report of all the evidence, to examine the evidence with care and to reach its own conclusion as to the facts, a finding by the trial judge after a hearing in which witnesses have been heard to testify in person will not be reversed unless plainly wrong.

A person's name is the distinctive characterization in words by which he is known and is distinguished from others.

Brothers, whose surname is Rubenstein and who are conducting business as a partnership called "Rubenstein Brothers," have no legal right to use the initials "R. B." in the name "R. B. Manufacturing Company" in competition with a corporation named "W. B. Manufacturing Company," which had established a trade reputation in connection with its name, where such use was intended to and did infringe upon the corporation's business by causing its customers through mistake to deal with the partnership.

A master, to whom a suit in equity, to restrain the defendant from unlawful inter-ference with the plaintiff's business by the use of a similar trade name, was referred to find and report what profits and damages, if any, the plaintiff was entitled to, was *held* to have discretionary power to determine the qualifications of a witness offered as an expert upon matters in issue.

Expert evidence to determine the cost of goods sold by the defendant in the unfair competition which was the subject of the suit above described was *held* to have been admissible where it appeared that the defendant did not furnish all the information within his control as to the cost of goods and profits made by him.

The master in the suit above described was *held* properly to have ruled that losses sustained by the defendant in selling goods at less than cost should not be deducted from profits made in the sale of other goods.

It also was *held* that the defendant in the suit above described was not entitled as of right under the circumstances to prove sales made by him to customers which were his before he began the unfair competition, thereby to establish what he might have realized as profits if he had conducted his business without attempting to appropriate the benefit of the name of the plaintiff.

After the evidence before the master had closed, the defendant moved that the hearings be reopened to permit him to introduce evidence, alleged to have been newly discovered, to the effect that certain sales, on which the master had ruled the plaintiff was entitled to a profit, were made before the period of unfair com-petition began. The master denied the motion. *Held*, that the denial was within the master's discretion.

A denial of a motion to recommit a report to a master is within the discretion of the trial judge and is not subject to review upon an appeal from a final decree which included such denial.

BILL IN EQUITY, filed in the Superior Court on February 13, 1918, by the W. B. Manufacturing Company, a corporation, who had adopted and registered a trademark, "W. B.," against Joseph and Benjamin Rubenstein, comprising a co-partnership who, the plaintiff alleged, were doing business in the same building with the plaintiff and in competition with it and had adopted the name "R. B. Manufacturing Company" with the purpose of acquiring the benefit and advantage of the plaintiff's trademark, the prayer of the bill being that the defendants be enjoined from such unlawful use of the name "R. B. Manufacturing Company," that they be ordered to account and pay over to the plaintiff all profits made by them and each of them from the sale of any and all merchandise by them under the name of "R. B." or "R. B. Manufacturing Company," and that they and each of them be ordered to pay to the plaintiff the damages caused to the good will and business of the plaintiff by them.

The suit was heard by *Fox*, J., a commissioner having been ap-pointed under Equity Rule 35 to take the testimony. Material

evidence and findings of the trial judge are described in the opinion. By order of the judge an interlocutory decree was entered that the defendants "and each of them, their agents and representatives be and hereby are enjoined from using the name R. B. Manufacturing Company or any abbreviation thereof, or any other name resembling in sound or appearance the name W. B. Manufacturing Company, or likely to be confused therewith in the conduct of their business," and that the suit be referred to a master "to find and report what profits and damages if any the plaintiff" was "entitled to."

The master found that the net profit derived by the defendants from the sale of men's and boys' pants during the period of time in question was $4,411, and on the matter of damages found "that, under an order that the defendants account to the plaintiff for all profit derived from sales of pants during the period in question, the plaintiff will be compensated for all losses proved to have been sustained, and that for damages, as distinguished from an accounting for profits, the plaintiff is entitled to have damages assessed only in the nominal sum of $1."

Other material facts and rulings of the master are described in the opinion. The defendants objected and excepted to the report on the following grounds:

"1. That the plaintiff offered evidence of its knowledge of the cost of similar goods which commonly sold in the market at prices similar to those received by the defendants, against the defendants' objection and exception. There was no evidence that any of the witnesses for the plaintiff had personal knowledge of the character of the goods sold by the defendants, except the evidence of the contractor who manufactured some of them. The master erroneously ruled that the evidence was a proper matter for consideration as a part of the whole of the evidence in determining the cost where the defendants have not so kept their books that the cost might be determined with certainty."

"2. That the master erroneously ruled that losses sustained by the defendants in selling pants at less than cost should not be deducted from profits made in other sales of pants."

"3. That the master erroneously refused to permit the defendants to put in evidence showing that many of the customers, to whom they sold men's and boys' pants, were customers who had

traded with the defendants prior to the alleged competition, who had never been customers of the plaintiff, and who knew the defendants personally; the master erroneously ruling that in the accounting for profits the plaintiff was entitled to all profits which the defendants had made from the sales of men's and boys' pants during the period in question and that it was immaterial whether the plaintiff might have sold all of the goods to all of the customers if the defendants had not made the sales."

"4. That after the taking of testimony before the master had closed, the master erroneously refused to permit the defendants to introduce newly discovered evidence of one Philip Rubenstein to prove that certain sales of men's and boys' pants on which the master ruled that the plaintiff is entitled to profits, were made by the said Philip Rubenstein as agent for the defendants in 1916, before the period of unfair competition began."

The defendants also moved that the report be recommitted to the master for the taking of the testimony which was the subject of their fourth objection and exception.

The exceptions and the motion to recommit were heard by *Hammond*, J., by whose order a decree, entitled a "final decree," was entered overruling the exceptions to the master's report, denying the motion to recommit, confirming the report, permanently enjoining the defendants as prayed for, and ordering them to pay to the plaintiff the sum of $4,719 and costs of suit. The defendants appealed.

The case was submitted on briefs.

*J. A. Tirrell*, for the defendants.

*P. W. Jacobs & J. B. Jacobs*, for the plaintiff.

RUGG, C. J. This is a suit in equity wherein the plaintiff a Massachusetts corporation seeks to restrain the defendants from conducting business under the firm style of R. B. Manufacturing Company. The case was heard upon oral evidence by a judge of the Superior Court who made this finding of fact: "The plaintiff's corporate name is 'The W. B. Manufacturing Company,' and its place of business is 65 Essex Street, Boston. Before January 1, 1917, the defendants had been doing business in Fall River for many years under the name of Rubenstein Brothers, and their business was not a competing business. January 1, 1917, the defendants moved to 65 Essex Street, Boston, dropped the

name 'Rubenstein Brothers,' assumed the name 'R. B. Manufacturing Company,' and entered into active competition with the plaintiff in its own line of business. It has not been contended by either party that the object of the defendants in dropping the name by which they had been known to the trade for many years was to drop the reputation which went with it. The more probable explanation of their conduct is that they wished to get the benefit of the plaintiff's reputation."

It is the well settled rule in equity that, while it is the duty of this court on an appeal with report of the evidence to examine the evidence with care and to reach its own conclusion as to the facts, yet a finding made by the trial court after a hearing in which witnesses have been called in person to testify before him will not be reversed unless plainly wrong. *Lindsey* v. *Bird*, 193 Mass. 200. Careful consideration of this record convinces us that the finding was right. It must stand.

It is urged in behalf of the defendants that they have a legal right to use the letters R. B. on the footing that it is their name because an abbreviation for Rubenstein Brothers. It is enough to say that this contention has no foundation either in fact or in law. Initials alone do not constitute the name. Description or abbreviation is not the equivalent of a name. The distinctive characterization in words by which one is known and distinguished from others is the name of a person. *Conners* v. *Lowell*, 209 Mass. 111, 118. The right of one to use his own name in business even when the same as or like that of another has recently been considered in *Burns* v. *William J. Burns International Detective Agency*, 235 Mass. 553, where the authorities are collected. Those principles have no bearing upon the case at bar because two or more detached and separated letters of the alphabet do not constitute a name. Cases like *Commonwealth* v. *Gleason*, 110 Mass. 66, and *Carleton* v. *Rugg*, 149 Mass. 550, have no relevancy to the facts disclosed on this record.

The defendants must stand on the ground that they have no natural or superior right to the use of the designation or identifying letters selected by them for their business. The single question in this connection is whether the trade designation adopted by them is sufficiently similar to that of the plaintiff to be likely to confuse or mislead those using ordinary discrimination.

There was ample evidence that the plaintiff had established a trade reputation in connection with its name. *C. A. Briggs Co.* v. *National Wafer Co.* 215 Mass. 100. While a court of equity will not interfere to protect one against harm arising from failure on the part of purchasers to exercise ordinary attention when thereby they would be enabled to notice the difference between the two names or marks, it will not permit one to assume a trade characterization so closely like that of another as to be likely to mislead the public. *McLean* v. *Fleming,* 96 U..S. 245, 255. It seems plain, both from the nature of the designation adopted by the defendants and from the evidence specific to the effect that mistakes of identity had occurred among customers of the plaintiff, that the latter's right to be secured from unfair competition was infringed. *Reading Stove Works* v. *S. M. Howes Co.* 201 Mass. 437.

The case was referred to a master to ascertain damages and profits. He found that profits had been made but found no damages. In this there was no error of law. *Forster Manuf. Co.* v. *Cutter-Tower Co.* 215 Mass. 136.

The master found in substance that the defendants had not furnished all the information within their control as to costs of goods and profits made by them. There was no error in the admission of evidence by the master. Whether a witness was qualified to testify as an expert was under the circumstances within the discretion of the master. *Westinghouse Electric & Manuf. Co.* v. *Wagner Electric & Manuf. Co.* 225 U. S. 604.

The rulings of the master respecting rules for computation of profits and losses were in accordance with the principles laid down in *Nelson* v. *J. H. Winchell & Co.* 203 Mass. 75, 91.

The defendants were not entitled as of right under the circumstances to show sales made by them to their old customers and establish thereby what they might have made if they had conducted their business without attempting to appropriate the benefit of the name of the plaintiff. *Saxlehner* v. *Eisner & Mendelson Co.* 138 Fed. Rep. 22. *W. R. Lynn Shoe Co.* v. *Auburn-Lynn Shoe Co.* 100 Maine, 461, 479.

Whether the master should reopen the case for further hearing rested in his discretion under the circumstances. *New York Bank Note Co.* v. *Kidder Press Manuf. Co.* 192 Mass. 391, 405.

Clearly whether the master's report should be recommitted was within the discretion of the court.

*Decree affirmed with costs.*