FRANK H. JENKINS, trustee in bankruptcy, *vs.* ANNIE L. LEWIS & another.

Suffolk.    March 12, 1923. — April 13, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Equity Pleading and Practice,* Findings by judge.    *Equity Jurisdiction,* To set aside conveyance.    *Corporation,* Officers and agents.

In a suit in equity where the evidence is taken by a commissioner appointed under Equity Rule 35, the failure of the judge to make certain findings of fact, which the plaintiff contends are apparent on the evidence, does not require a reversal of a decree dismissing the bill, if the findings shown by the record are not plainly wrong.

In a suit in equity by the trustee in bankruptcy of a corporation to set aside a conveyance of two parcels of real estate made to the wife of a director in the corporation, there was evidence that the conveyance was made by vote of the board of directors at a special meeting at which the husband of the grantee was not present and did not vote; that the action of the board was taken solely in the interest of the corporation; that the corporation was not then insolvent; that the grantee's husband signed an undated waiver of notice of meetings of the directors including the one at which it was voted to make the conveyance and also approved "all that transpired at all the above mentioned meetings, as shown by the records;" that the deed of the parcels had a clause binding the grantee, her heirs and assigns, "as part of the consideration . . . to assume and pay a proportionate part of the blanket mortgage" given by the corporation "as is represented by 10 cents per square foot upon the granted premises, together with the same proportionate part of the interest thereon," and a clause "that any house erected . . . should cost not less than $6,000;" that the husband of the grantee acted as her agent, and that the grantee complied with the condition in the deed. There also was evidence warranting a finding that there was no "common plan or scheme of the directors to loot the corporation of its assets for their own benefit." *Held*, that, the purpose for which the conveyance was made and the intention of the parties not having been fraudulent in law or fact, a decree dismissing the bill was proper.

BILL IN EQUITY, filed in the Superior Court on October 9, 1922, by the trustee in bankruptcy of International Service Company, Inc., against Annie L. Lewis and Arthur P. Lewis to set aside a conveyance of two parcels of land alleged to have been made by the bankrupt to the female defendant without consideration and to have been a misappropriation of the assets of the grantor.

In the Superior Court, the suit was heard by *Qua*, J., a commissioner having been appointed under Equity Rule 35 to take the evidence. Material evidence and findings by the judge are described in the opinion. By order of the judge a final decree was entered dismissing the bill; and the plaintiff appealed.

*C. A. McCarron*, for the plaintiff.

*T. Parker*, for the defendants.

BRALEY, J. The plaintiff, the trustee in bankruptcy of the International Service Company, Inc., brings this bill to set aside a conveyance to the defendant Annie L. Lewis of two parcels of land on the ground that the transfer was without consideration, and a misappropriation of the assets of the grantor. While the evidence was taken by a commissioner, the failure of the judge to make certain findings of fact which the plaintiff contends were apparent on the evidence, is no reason to reverse the decree dismissing the bill, if the findings shown by the record are not

plainly wrong. The principal business of the company was the sale of a tract of about ten. acres of vacant land called Russell Park, divided into sixty-eight house lots, which it endeavored to place "upon the market for suburban residences." The deed dated October 1, 1921, conveying lots numbered 14 and 15 on the plan, had a clause binding the grantee, her heirs and assigns, "as part of the consideration . . . to assume and pay a proportionate part of the blanket mortgage" given by the company "as is represented by 10 cents per square foot upon the granted premises, together with the same proportionate part of the interest thereon," and "that any house erected . . . should cost. not less than $6,000." It is found that at a special meeting of the directors at which the defendant Arthur P. Lewis, husband of the grantee, and a director, was not present, the board voted, "to sell lots 14 and 15 to 'Anna' L. Lewis at 10 cents per square foot," and that shortly after acquiring title she "sold and conveyed lot 14 . . . for $1,000 and the holders of the blanket mortgage were paid the sums . . . required by the terms of the . . . mortgage . . . to secure release of lots 14 and 15," and partial releases were duly executed and recorded. The amount paid "to release lot 14 was $589.40" and for lot 15 "$591." The findings that Annie L. Lewis had complied with this condition and that the company by what she had done received ten cents a square foot by the reduction of the mortgage debt were warranted. It was agreed that Arthur P. Lewis acted in the transaction as agent for his wife and that she is bound by his acts and conduct. But even if he signed an undated waiver of notice of meetings of the directors including October 1, and also approved "all that transpired at all the above mentioned meetings, as shown by the records," he did not as matter of fact vote for the conveyance, and the action of the board appears to have been taken solely in the interest of the company which the judge finds was not insolvent. The case on this point is plainly distinguishable from *Parker* v. *Nickerson*, 112 Mass. 195, cited by the plaintiff, where the directors of a ferry company bought a steamboat in their own names, and then bought it of themselves on behalf of the company, thereby making a profit, which it was held they could not retain but must return to the company with interest. It is unnecessary to consider the conveyances

of lots to each of the other directors, although Arthur P. Lewis voted therefor. The judge states that there was no "common plan or scheme of the directors to loot the corporation of its assets for their own benefit." We cannot say on the record that this finding was unjustifiable. *Fillebrown* v. *Hayward,* 190 Mass. 472, 477, 478. It further appears that at the date of the deed the grantee as part of the transaction orally agreed to build "a house on the land at once" at "substantial cost," and the dwelling house on lot 15, since occupied by the defendants as a residence, was erected, being "the first house completed and occupied in Russell Park." The transaction when viewed on the record as a whole could be found to have been "carried out by the parties concerned in the honest belief that it would be of advantage to the corporation in developing the tract of land and promoting the sale of other lots to have a number of houses erected thereon at the earliest possible moment, even though lots were sold for that purpose at a less price than it was expected other lots could be sold for as soon as it could be proved to prospective purchasers that houses were actually being constructed on the tract." The erection of the house "by the wife of a director of the corporation did have a tendency to show the confidence of the management . . . in the future success of the development and did increase the value of the remaining lots in that vicinity and was of assistance in bringing about the sales of a substantial number of lots on the same street." The plaintiff's contention that the consideration was grossly inadequate is negatived by these facts, which also do away with any inference of constructive fraud. *Nickerson* v. *Bridges,* 216 Mass. 416, 421. The purpose for which the conveyance had been made and the intention of the parties not having been fraudulent in law or fact, for the reasons stated, the decree should be affirmed with costs.

*Ordered accordingly.*