JOSEPH A. ROHEN *vs.* THE TEXAS COMPANY.

Suffolk.   February 7, 1929. — March 6, 1929.

Present: RUGG, C.J., CARROLL, WAIT, & FIELD, JJ.

*Contract*, Performance and breach.

At the hearing of a suit in equity to enjoin a corporation from ejecting the plaintiff from certain real estate and to compel it to execute an agreement that the plaintiff would not be disturbed in possession of the premises during the term of a lease by the owner to the defendant, the trial judge, upon evidence warranting the findings, found that the owner had refused to let the premises to the plaintiff; that the plaintiff then agreed to surrender an option he held on the premises, and the defendant agreed with the owner to take a lease thereof; that the owner's attorney stated to the defendant's representative that, if the owner gave it a lease, the defendant "had got to give a lease" to the plaintiff "for the duration of the lease which" the owner would give; that the defendant's representative replied "that would be all right and that the" defendant would give the plaintiff "a license"; that, accordingly, the owner in 1924 gave the defendant a lease for eight years and four months; that the defendant then gave the plaintiff a license by which he was permitted to use the premises as a gasoline filling station for one year, and that this was extended by subsequent agreements for the years 1925–1926; 1926–1927; 1927–1928 and 1928–1929; that in the last three agreements was a clause, not in the first, that the license was "subject to termination by licensor at the expiration of the first thirty days or any subsequent period by thirty days' prior written notice from the licensor to the licensee"; that the plaintiff accepted the licenses and occupied under them; that in August, 1928, the defendant gave the plaintiff a notice in writing that the agreement was "cancelled and terminated as of September 30, 1928." The bill was dismissed. *Held*, that, the plaintiff having accepted the license under its terms, it could be terminated by the notice in writing, and the suit properly was dismissed.

BILL IN EQUITY, filed in the Superior Court on September 15, 1928, seeking to enjoin the defendant "from disturbing"

the plaintiff "or ejecting him from the premises known as 6 Eliot Street, Boston," and that the defendant be ordered "to execute . . . the agreement promised the plaintiff when he surrendered his option on the premises located at 6 Eliot Street, namely, that he would not be disturbed in possession of the premises during the term of the lease between the Texas Company and Mary L. MacDonald," the owner of the premises.

In the Superior Court the suit was heard by *Bishop,* J., a stenographer having been appointed under the provisions of G. L. c. 214, § 24; Equity Rule 29 (1926).

The judge found that Mary L. McDonald was the owner of the premises in question; that in April, 1924, the plaintiff obtained from her "a thirty-day option for a release of the premises. This option was renewed on May 15, 1924, for a further period of thirty days. On May 5, 1924, Rohen applied to the street commissioners for the city of Boston for a permit to keep, store and sell gasoline in the amount not to exceed 3,000 gallons at 6 Eliot Street." There followed extended litigation lasting through June 11, 1925. "On some day in April or May, 1924, Rohen interviewed one Edward Richt, then the representative for metropolitan Boston of The Texas Company. Rohen wanted to know what proposition The Texas Company would make to him for the location at 6 Eliot Street. The property at 6 Eliot Street also bounded on Stuart Street. Rohen and Richt, for The Texas Company, tentatively agreed that The Texas Company would take a sublease from Rohen. Richt, or someone else representing The Texas Company, then interviewed William B. Sullivan, Esquire, attorney for Mary L. McDonald. Mr. Sullivan informed the representative of The Texas Company that his client, Mary L. McDonald, would not lease the premises to Rohen, and the proposition which Rohen had with Richt, of The Texas Company, for subletting to The Texas Company was dropped. Richt then took up with Sullivan, as attorney for Mrs. McDonald, the matter of a lease from Mrs. McDonald direct to The Texas Company. Rohen was present at some, if not all, of the conferences which Richt had with Sullivan. On or about

May 31, 1924, Rohen agreed that he would give up his option or assign whatever rights he had under the option to The Texas Company and that The Texas Company should take a lease of the premises. This agreement was arrived at in Sullivan's office, and Sullivan told Richt that, if Mrs. McDonald leased to The Texas Company, The Texas Company had got to give a lease to Rohen for the duration of the lease which Mrs. McDonald would give. Richt replied that that would be all right and that The Texas Company would give Rohen a license. No written memorandum was made of any agreement between Rohen and The Texas Company either for the surrender or assignment of the option from McDonald to Rohen or for any lease or license to be given by The Texas Company to Rohen for the occupation of the McDonald premises." Other facts found are stated in the opinion.

By order of the judge, a final decree was entered, dismissing the bill. The plaintiff appealed.

*W. S. McCallum,* for the plaintiff.

*F. W. Crocker,* (*T. W. Monroe* with him,) for the defendant.

CARROLL, J. The plaintiff seeks to enjoin the defendant from ejecting him from certain premises which he holds under a license agreement with the defendant. He also asks that the defendant be ordered to execute an agreement that the defendant "promised the petitioner when he surrendered his option on the premises."

The trial judge found as follows: The landlord refused to lease the premises to the plaintiff. On or about May 31, 1924, the plaintiff agreed to surrender an option he held on the premises, and the defendant agreed to take a lease of these premises. It was then stated by the landlord's attorney that if the landlord gave a lease to the defendant, the defendant would sublease to the plaintiff for the balance of the term, to which the defendant's representative replied: "that would be all right and that The Texas Company would give Rohen a license." A lease of the premises was then executed to the defendant for the term of eight years and four months. On October 14, 1924, a license agreement was made between the plaintiff and the defendant, by which Rohen was permitted to use the premises as a gasoline filling

station for one year from June 1, 1924.    August 31, 1925, the license agreement was extended for one year from June 1, 1925.    In 1926, it was extended for another year, and again in 1927 and in 1928.    The agreements of 1926, 1927 and 1928 were substantially the same as the first agreement, except that the license was "subject to termination by licensor at the expiration of the first thirty days or any subsequent period by thirty days' prior written notice from the licensor to the licensee."    On or about August 13, 1928, Rohen received written notice that the agreement was "cancelled and terminated as of September 30th, 1928."    The judge found for the defendant and a final decree was entered dismissing the bill.

The findings of the trial judge in so far as they are founded on oral evidence are to stand.    *W. B. Manuf. Co.* v. *Rubenstein*, 236 Mass. 215.    *Jenkins* v. *Lewis*, 244 Mass. 502. There was evidence to justify the finding that the defendant agreed to give the plaintiff a license; that a license was given to the plaintiff each year from 1924 to 1928 inclusive; and that this arrangement was accepted by the plaintiff and was in accordance with the terms of the agreement.    The plaintiff was given thirty days' written notice that the license would end on September 30, 1928.

On this evidence the plaintiff was not entitled to the relief asked for.    He agreed to accept the license under its terms; it could be terminated by the written notice.    He could not successfully contend under these facts that he should receive a sublease from the defendant.    The license was terminated according to its provisions.

*Decree affirmed with costs.*