THOMAS J. DUGGAN *vs.* CHARLES F. ADAMS & another.

Suffolk.    May 19, 1930. — July 3, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract*, What constitutes. *Equity Pleading and Practice*, Appeal.

Upon an appeal by the plaintiff, in a suit in equity for specific performance of a contract, from a final decree dismissing the bill, entered by the trial judge after a finding by him that he was "unable to find that any contract including such terms [as the plaintiff asserted] was entered into by the parties," made upon evidence which in large part was oral and contradictory and which was reported under G. L. c. 214, § 24; Equity Rule 29 (1926), this court, after examination of the evidence, affirmed the decree.

BILL IN EQUITY, filed in the Superior Court on February 25, 1925, for specific performance of an alleged contract.

In the Superior Court, the suit was heard by *Williams,*

J., a stenographer having been appointed under G. L. c. 214, § 24; Equity Rule 29 (1926), and a finding was made as described in the opinion, and a final decree was entered dismissing the bill. The plaintiff appealed.

*James J. McCarthy*, for the plaintiff.

*S. Hoar*, (*L. Wheeler, Jr.*, with him,) for the defendants.

WAIT, J. This is an appeal from a decree of the Superior Court dismissing the plaintiff's bill. That bill, which was filed February 25, 1925, and materially amended December 17, 1926, sought the specific performance of an alleged contract. The answers denied that the contract as alleged was ever made. Hearings were had in March, 1929, and findings of fact were filed on January 9, 1930. The trial judge stated that he was "unable to find that any contract including such terms [as the plaintiff asserted] was entered into by the parties." He found among other things that as a result of negotiations between the plaintiff and the defendant Adams a franchise for a professional hockey club was made to the defendant Boston Professional Hockey Association, Inc. by the National Hockey League; that Adams agreed that the plaintiff should have one half the profits of the corporate defendant for the season 1924–1925; that no profits were made in that season and in consequence no amount was payable to the plaintiff therefor; that Adams "has done everything that he agreed to do in return for the granting of the franchise to the Massachusetts corporation, and that the plaintiff has received the agreed payment for his option rights."

The plaintiff does not contend that if the findings of fact are right there is error of law in the decree. His contention is that the essential findings of fact are plainly wrong. The evidence is reported. The appeal places upon us the duty to examine the evidence and reach our independent judgment upon the issues. Where, as here, the evidence is not chiefly documentary but is furnished, in large part, by witnesses, whom we have neither seen nor heard, whose testimony is often flatly contradictory, the findings of fact by the trial judge are to be given great weight, and, so far as they rest on oral testimony, will

not be set aside unless clearly incorrect. *W. B. Manuf. Co.* v. *Rubenstein,* 236 Mass. 215, 219. *Weinstein* v. *Miller,* 249 Mass. 516, 520. *Rohen* v. *Texas Co.* 266 Mass. 442.

We see no good purpose to be served by detailed statement of the evidence. We agree with the trial judge in concluding that the plaintiff held, not ownership of two franchises, but options to purchase them; and that he transferred one of the options to Adams for the Boston Professional Hockey Association, Inc. in return for a payment to the Royal Bank of Canada of a debt for which he had pledged them, for a payment to the National Hockey League of the amounts called for by the option agreements, and for Adams's promise to pay him one half the corporation's profit of the season of 1924–1925. The payments were procured by Adams to be made by the corporation and resulted in a grant of a hockey club franchise to the corporation from the giver of the option. No evidence appears which compels full belief in the entire testimony of either of the negotiating parties with regard to essential issues. We are unable to find that the defendant Adams ever made to the plaintiff a binding promise such as the bill alleges. In the absence of such a finding the plaintiff cannot sustain his bill.

*Decree affirmed with costs of the appeal.*