ROSE BOYER, administratrix, *vs.* MASSACHUSETTS BONDING AND INSURANCE COMPANY.

Essex.   October 9, 1931. — December 2, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Insurance*, Motor vehicle liability.   *Motor Vehicle*, Operation.

A conclusion, that an automobile was being operated at the time of an accident with the consent of the owner within the meaning of a policy of motor vehicle liability insurance in the statutory form and of G. L. c. 90, § 34A, in the amended form appearing in St. 1928, c. 381, § 4, was warranted where it appeared that the owner, the insured, gave his son "full use and custody" of the automobile; that the son authorized a friend to take the automobile on his vacation and thereafter to leave it in the care of the friend's father and for his use; that the friend did leave the automobile with his father with general authority to use it and without instructions as to who should use it, although the friend did not authorize his brother to use or drive it; that, at the time of the accident, the automobile was being used by the friend's father to take himself and others to work and was being driven by the friend's brother; and that neither the father nor the brother of the friend had a license to operate motor vehicles.

BILL IN EQUITY, filed in the Superior Court on June 12, 1930, described in the opinion.

The suit was heard by *Gray*, J., a stenographer having been appointed under G. L. c. 214, § 24; Equity Rule 29 (1926). Material evidence and findings by the judge are stated in the opinion. By order of *Donahue*, J., a final decree was entered directing the defendant to pay the plaintiff $4,843.81. The defendant appealed.

*M. A. Sullivan*, for the defendant.

*J. A. O'Mahoney*, for the plaintiff.

CARROLL, J.   The plaintiff's intestate died from injuries received when, on October 3, 1928, he was struck by an automobile owned by Charles S. Brown, herein referred to as the insured, and operated at the time by one Lloyd Carter. The plaintiff recovered judgment against Carter. The present suit in equity was brought to reach and apply

the proceeds of a policy of liability insurance, issued by the defendant to Brown, in statutory form, in accordance with the motor vehicle liability statute. The policy provided indemnity "to the insured and any person responsible for the operation of the insured's motor vehicle with his express or implied consent against loss by reason of the liability to pay damages to others" for injuries or death. § 34A of G. L. c. 90, inserted by St. 1925, c. 346, § 2, amended by St. 1926, c. 368, § 2, and St. 1928, c. 381, § 4.

The question to be determined is, Was the motor vehicle at the time of the accident operated with the express or implied consent of the insured?

It appears that William H. Brown, son of the insured, removed the vehicle with the consent of his father about the first of June, 1928, from Mattapan to New York where William H. was employed. Chester Carter, a brother of Lloyd and son of Edwin L. Carter of Methuen, was employed by William H. Brown in New York, and was authorized by him in October, 1928, to take the vehicle "on . . . [his] vacation and use it and after . . . [he] used it to leave it at . . . [his] father's house and let them use it, . . . [his] father and brother, and to sell it if they could." When Chester Carter returned to New York he left the automobile with his father and brother and told them "to use it and to sell it if they could." William H. Brown testified that the motor vehicle was an expense to him in New York, that he gave permission to Chester Carter to take it on his vacation and when the vacation was passed "to leave it at his [Carter's] home for his father to use and his brother." It was left in the care of Edwin L. Carter, the father of Chester and Lloyd. William H. Brown further testified that he corresponded by letter with his father, the insured; that the letters were lost; that his father by letter authorized him "to let Chester take the car to his home as . . . [William H.] outlined then and to leave it there"; that he had outlined in his letter to his father that Chester, when his vacation was finished, was to leave the vehicle "with his brother and

father and they could use it." He was asked: "Did he talk about the use of the car?" and he answered: "Yes, they were to use it; they could use it." The insured testified that in his correspondence with his son, permission was given to Chester Carter to take the car to Methuen to use it and to leave it there with his father and brother who were to try to sell it, and in the meantime "They were to have the use of it."

The judge found that at the time of the accident the motor vehicle insured by the defendant was in use by Edwin L. Carter "to take himself and two others to work"; that it was at the time operated by Lloyd Carter; that the vehicle had been stored by Chester Carter near his father's residence, in the care of his father; that the father had the right to use the motor vehicle, but no authority was given by Chester to his brother Lloyd to drive or use the car. The judge also found that the use of the automobile by Edwin L. Carter, at the time of the accident, in the manner above described, was authorized by Chester Carter, because he had given his father general authority to use the automobile without any restrictions as to who should drive it; that William H. Brown authorized Chester Carter to take the car to Massachusetts and authorized and ratified its storage there and its use by Chester's father "in the manner above set forth." The judge made this finding: "While I do not find that the assured by letter authorized in detail the above use of the automobile as testified to by the assured and his son, I find that William H. Brown was given the full use and custody of the car by his father and that his acts with respect to the car above stated were within his authority. I therefore find that at the time of the accident the car was being used with the consent of the assured." It was also found that neither Edwin L. Carter nor Lloyd Carter was, at the time, licensed to operate motor vehicles; that a passenger in the rear seat was duly licensed to operate such vehicles, but that Lloyd Carter was not riding with or accompanied by a licensed operator within the meaning of G. L. c. 90, § 10, and amendments thereof; that Edwin L. Carter knew that Lloyd had no license;

that Lloyd had on several occasions driven the automobile, with the knowledge of his father, while his brother Chester was in Massachusetts, but only when accompanied by Chester.

A decree was entered for the plaintiff and the defendant appealed.

The evidence is reported. The findings of the trial judge will not be set aside where the evidence is in large part oral, unless from an examination of it we are satisfied that the conclusions of the judge were clearly wrong. *Duggan* v. *Adams*, 272 Mass. 311.

We agree with the findings of the judge. There was evidence that the motor vehicle, at the time of the accident, was in use by Edwin L. Carter to convey him and Lloyd, as well as one Giles, who was on the rear seat, to their places of employment; that the motor vehicle was stored in the care of Edwin L. Carter, who had the right to use the car; that this use meant its operation by his agent; that although no authority was given to Lloyd by his brother to drive it, as the father had the right to use it without any restrictions as to the person who was to operate it, the general authority given the father to use the car conferred upon him the right to entrust its operation to his son Lloyd. There was evidence to warrant the finding that William H. Brown gave Chester authority to take the vehicle from New York to Massachusetts and to place it in his father's care, with the right to use and operate it as his agent, and that these acts were ratified by William H. Brown. While the father did not "by letter" authorize "in detail the . . . use," as testified by the insured and his son, the insured did give to his son the full use and custody, and the son's acts, as "above stated," that is, his acts in authorizing and ratifying the storage and use of the vehicle by Edwin L. Carter in the manner described, were, according to the judge's findings, within the authority given William H. Brown by his father.

The fact that the right to use the vehicle by the Carters was not given "by letter" and "in detail" did not prevent the judge from finding as a fact from the other evidence in the case that the insured knew what his son had done, and it could be found that he assented to the use of the vehicle

by the Carters, although the details of that use were not specifically authorized. The general finding that the acts of his son were authorized imported a finding of the subsidiary and essential facts necessary to support this conclusion. *Putnam* v. *United States Trust Co.* 223 Mass. 199, 201.

The judge evidently did not find that the letters were as specific as testified to by the insured and his son; but he could have found, as he did, that the use and the custody given to William H. Brown were of such a nature that he might act as he did in approving and ratifying the storage of the vehicle by the Carters, even if there were no evidence of express authority by the insured to his son approving what he did in consenting to the use of the car by Edwin L. Carter. The implied authority of the insured's son could be found as a fact from all the evidence in the case, including the circumstances that the Browns were in communication with each other, and that the insured assented to the taking of the vehicle to Methuen by Chester Carter, with "the idea of selling it," and that it was to be used in the meantime, although he did not in detail know the particular use that was to be made of the vehicle, or who was to operate or use it. See in this connection *Lovell* v. *Williams*, 125 Mass. 439; *Whittier* v. *Child*, 174 Mass. 36; *American Mining & Smelting Co.* v. *Converse*, 175 Mass. 449.

If the insured merely gave his son the right to use the vehicle, the son's authority to do what he did would not be inferred from this fact alone; but there was evidence that William H. Brown was not merely a bailee, he was the agent of his father, with "full use and custody" of the motor vehicle, and was at least impliedly authorized to place it with the Carters to sell it if they could, and to operate and use it while in their custody, although it was not known by him that Lloyd Carter was to operate it. The motor vehicle was therefore operated at the time of the accident with the implied consent of the insured.

Edwin L. Carter did not cease to use the car and to operate it, with the consent of the owner, because neither he nor Lloyd Carter was licensed to operate. The cases relied on by the defendant have been considered. They are to be

distinguished on the facts. In so far as any of them appear to be in conflict with what is here decided, we must decline to follow them.

*Decree affirmed with costs.*