KIMBALL JOHNSON *vs.* JOHN J. O'LALOR & others.

WILLIAM B. JOHNSON *vs.* SAME.

Suffolk.    February 3, 1932. — March 30, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Insurance,* Of motor vehicle.    *Motor Vehicle,* Operation.

Following several occasions when the owner of an automobile duly registered in this Commonwealth had granted to his brother permission to use it, on each of which occasions the brother himself had driven, the brother by telephone asked permission to use it in an evening and permission was granted, nothing being said as to who should drive the automobile. The brother himself then procured the automobile and drove it to the residence of a third person who thereafter drove it, the owner's brother riding in the rear seat. Due to negligence of the driver a collision with another automobile occurred, resulting in personal injuries and property damage to one who recovered a judgment therefor in an action against such driver. A suit in equity thereafter was brought under G. L. c. 214, § 3 (10), as amended by St. 1923, c. 149, § 3, to enforce such judgment against the insurer of the owner of the automobile. The judge found that the person driving the automobile was not a person responsible for the operation of said motor vehicle with the express or implied consent of the owner, and that the insurance policy was not security for the payment by the driver of the judgment rendered against him, and the suit was dismissed. The plaintiff appealed. *Held,* that

(1) A finding that the owner impliedly consented that the third person should drive the automobile while the owner's brother was using it with the owner's permission was not required as a matter of law, and the contrary finding was warranted;

(2) The insurer was not liable, the damages for which the judgment was recovered not having been sustained when the automobile was being driven by a person responsible for its operation with the express or implied consent of the insured;

(3) The suit properly was dismissed.

Two BILLS IN EQUITY, filed in the Superior Court on April 23, 1930, and described in the opinion.

In the Superior Court, the suits were heard by *Gray,* J., a stenographer having been appointed under G. L. c. 214, § 24; Equity Rule 29 (1926). Material facts found by

him are stated in the opinion. A final decree was entered dismissing the bills. The plaintiffs appealed.

The case was submitted on briefs.

*E. T. Doherty & F. G. Doherty*, for the plaintiffs.

*R. B. Coulter*, for the defendants.

CROSBY, J. The plaintiff in each of these cases obtained a judgment against the defendant O'Lalor, and executions were issued thereon which have in no part been satisfied. The plaintiffs bring these suits in equity under G. L. c. 214, § 3 (10), as amended by St. 1923, c. 149, § 3, in which they seek to apply in satisfaction of their executions the alleged liability of the defendant American Mutual Liability Insurance Company to the judgment debt. The cases were heard together by a judge of the Superior Court who made certain findings, rulings and an order for decrees.

The judge made the following findings of fact: The plaintiff Kimball Johnson, on or about June 30, 1927, received personal injuries resulting from a collision of an automobile, in which he was riding, with an automobile owned by the defendant Charles L. Fenton. He brought suit in the Superior Court for personal injuries and recovered judgment in the amount of $1,933.52, including costs against the defendant John J. O'Lalor who, at the time of the accident, was operating the automobile owned by Fenton. On June 30, 1927, the plaintiff William B. Johnson was the owner of the automobile which was damaged as the result of said collision with Fenton's automobile, and thereafter he brought suit in the Superior Court for property damage and recovered judgment in the amount of $855.23, including costs, against the defendant O'Lalor. The accident occurred on a public highway in this Commonwealth.

The defendant American Mutual Liability Insurance Company, on or about January 1, 1927, issued to the defendant Charles L. Fenton a policy of insurance, introduced in evidence at the trial, which was in the form required by § 34A added to G. L. c. 90 by St. 1925, c. 346, § 2, in the amended form appearing in St. 1926, c. 368, § 2. The policy also covered property damage caused by the automobile owned by Fenton in accordance with the terms of the

policy introduced in evidence. This policy was in full force and effect at the time of the above mentioned accident.

On the evening of the accident Walter F. Fenton called his brother Charles L. Fenton on the telephone and asked permission to use his car that evening. Permission was given as requested. On other occasions before the date of the accident Charles L. Fenton had given this brother permission to use the car, and each time it had been driven by Walter F. Fenton. Nothing was said in the conversation between the brothers the night of the accident as to who should drive the car, and the entire conversation about lending it was in substance as above stated. On account of the previous course of dealings between the parties, it was only necessary for Walter F. Fenton to go to the garage where the automobile was stored in order to obtain possession of it. On obtaining it he drove to the residence of the defendant O'Lalor and soon thereafter surrendered the wheel of the car to O'Lalor. Shortly before the accident Walter F. Fenton entered the rear seat of the automobile with a young lady, leaving O'Lalor alone in the front seat and operating the automobile, and this situation continued up to the time of the accident.

On these findings of fact the judge found and ruled that Walter F. Fenton "at the time of the accident was a person responsible for the operation of the motor vehicle of Charles L. Fenton, with the express or implied consent of Charles L. Fenton, and that if the plaintiff had obtained a judgment against Walter F. Fenton the said insurance policy would have been security for the payment of such judgment. . . . that Walter F. Fenton had no authority, either express or implied, from Charles L. Fenton to permit John J. O'Lalor, or any other person, to use or operate the motor vehicle at the time of the accident. . . . that John J. O'Lalor was not a person responsible for the operation of said motor vehicle with the express or implied consent of the defendant Charles L. Fenton, and . . . that the said insurance policy is therefore not security for the payment by the defendant O'Lalor of the judgment rendered against him."

The judge further found and ruled that the case of William B. Johnson for property damage did not depend upon the provisions of St. 1925, c. 346, but was based upon a provision of the insurance policy by which the benefits of the policy for property damage were expressly extended to persons using or operating the automobile with the express or implied permission of the defendant Charles L. Fenton; that the legal result was exactly the same and for the same reasons; that the judgment obtained is against O'Lalor, and for the reasons above set forth he was not a person operating or using the automobile with the express or implied consent of Charles L. Fenton. The evidence is reported pursuant to G. L. c. 214, § 24.

There was no evidence which would warrant a conclusion, nor is it contended by the plaintiffs, that there was any express consent by the assured that O'Lalor should operate the automobile. In view of the facts found a finding that the assured impliedly consented that O'Lalor should operate the car was not required. It is contended by the plaintiffs that, as the insured consented that his brother might use the car on the night of the accident without expressly limiting such use to his brother, it is a reasonable inference that any other person might use it with his consent. It is also argued by the plaintiffs that, as the insured made no complaint after the accident occurred of its operation by O'Lalor, his consent to such operation is to be inferred. We are of opinion that upon the facts found it could be found that no person except Walter F. Fenton was authorized by the insured to use the car at the time of the accident. The evidence bearing upon this question was oral. While it is the duty of this court upon an appeal like the present to examine the evidence and decide the case according to its judgment, yet where findings and inferences rest upon the observation of witnesses who have testified orally, the appellate court does not reverse unless plainly wrong. *Glover* v. *Waltham Laundry Co.* 235 Mass. 330, 333–334. *Curran* v. *Magee*, 244 Mass. 1, 5. *White* v. *Macarelli*, 267 Mass. 596, 597–598. As it cannot be said that the findings of the judge were plainly wrong, his findings of fact must stand. *Rohen*

v. *Texas Co.* 266 Mass. 442. *Levin* v. *Bernstein,* 269 Mass. 542. *Duggan* v. *Adams,* 272 Mass. 311.

The case of *Boyer* v. *Massachusetts Bonding & Ins. Co.* 277 Mass. 359, is distinguishable in its facts from the case at bar. In that case it could have been found that the assured contemplated that the automobile should be used not only by his son but by other persons.

It follows that the final decree entered in the Superior Court was correct and must be affirmed.

*Ordered accordingly.*