Carr, J.
The defendant in this case is entitled to a review' by this Division only of the questions of law raised by its requests for rulings. The trial judge made no independent rulings of his own. Gen. Laws, (Ter. Ed.) Ch. 231, §108; Loanes v. Gast, 216 Mass. 197, 199.
The requests denied by the judge are as follows:
1. The evidence is insufficient as a matter of law to warrant a recovery by the plaintiff in this action.
2. The evidence is insufficient as a matter of law to warrant a finding of negligence on the part of the defendant.
5. On all the evidence the plaintiff was guilty of contributory negligence as a matter of law.
11. The mere fact that the plaintiff stumbled over the base of this weighing machine standing alone and without other evidence of negligence on the part of this defendant would be insufficient as a matter of law to warrant a finding of negligence on the part of the defendant.
When the trial closed the trial judge had before him a mass of evidence and by requests 1, 2 and 5 he was asked *342 to instruct himself as to what findings this evidence warranted, permitted or required. He was not asked to rule as to what conclusions he could reach after he had digested the evidence and determined the facts. If the defendant believed that the scales over which the plaintiff tripped were located at any particular point, it could have directed the attention of the court to this situation and asked him to rule on the consequencés of their being in that situation.
The defendant in its brief has rested its argument not on all the evidence but on the evidence most favorable to itself.
There was, however, evidence that before the accident, the plaintiff, her son and her mother were walking along the front aisle of the defendant’s store three abreast, the plaintiff on the left nearest the left side of the aisle and three feet from it; that both the plaintiff and her mother were looking straight ahead and did not see the scales; that after falling the plaintiff saw the scales for the first time approximately four or five feet from the wall and approximately in the centre of the aisle along which she had been walking; that when she tripped over the scales she was walking approximately in the centre of the eight foot aisle; that people were coming and going; that while she was recovering, a man spoke to a boy and as a result the scales were pushed back four or five feet to the wall. The defendant’s manager, among other things, testified that the scales were always kept up against the wall but when the store was closed for the evening the scales were removed from their position up against the left front wall to the vestibule of the store. A salesgirl, among other things, testified that she was on duty directly opposite to where the scales were at the time of the accident i. e. in a position where she could see them. The manager testified that the scales were five and one- *343 half feet high and that the platform of the scales was two feet long.
On this evidence it could have been found that at the time of the accident the scales were not in the proper place but in the middle of the aisle, perhaps moved from the wall preparatory to putting them in the vestibule where they were kept when the store was closed by some employee anxious to get home without delay. Scales of this size are not ordinarily moved by the casual visitor; nor should we assume a wrongful act by a stranger. As neither plaintiff nor her mother, looting straight before them down the aisle, saw the scales, it might have been found, notwithstanding the manager’s testimony, that they djid not loom up five and one-half feet from the floor. Finally, on this evidence and the inferences from it, it might have been found that the defendant was negligent to have such scales in the middle of a travelled aisle and that the plaintiff was not negligent in not seeing them there.
On such evidence, it seems quite clear that if the case had been before a jury, the trial judge could not have refused to submit the evidence on negligence and due care to the jury, nor sitting without jury could he refuse to submit the evidence to himself as a finder of facts to pass upon.
As before pointed out, the defendant did not request the trial judge to lay down a rule of law governing the situation if the scales were pushed back against the wall. Not having so done, he cannot now complain that the judge made no ruling on this particular point. Reid v. Doherty, 273 Mass. 388.
The defendant’s 11th request seems to be based on the theory that the mere happening of an accident is not evidence of negligence. Bartlett v. Town Taxi Co., 236 Mass. 215, 218. Although mentioned in the defendant’s brief, the ruling was not argued and consequently was waived. *344 Quinan v. Famous Players-Lasky Corp., 267 Mass. 501, 519. But under no view of the evidence did this request set forth the situation in the case. There was other evidence and to give the request would have been misleading. The judge could not be required to rule on the effect of a fragmentary-view of the evidence. Barnes v. Berkshire St. Ry. Co., 281 Mass. 47, 50, 51. Though it would have been better if he had indicated that he refused the request as immaterial, we think no good would have been accomplished by giving the request and no harm resulted from its unexplained refusal.
Report dismissed.