MARY McNEIL vs. ADELINE L. POWERS.

JOHN McNEIL vs. SAME.

Middlesex.    March 5, 1929. — March 6, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Evidence*, Presumptions and burden of proof.  *Agency*, Existence of rela-
tion.  *Insurance*, Compulsory automobile.  *Motor Vehicle*, Insurance.
*Statute*, Construction.  *Negligence*, Motor vehicle.

Section 34A, added to G. L. c. 90 by St. 1925, c. 346, § 2, and amended by
St. 1926, c. 368, § 2, did not make the owner of a motor vehicle re-
sponsible for its negligent operation in 1927 by one not his servant
or agent although such person was operating the vehicle with his
knowledge and consent.

TWO ACTIONS OF TORT, the first for personal injuries
received on July 5, 1927, when the plaintiff, in an auto-
mobile owned and operated by her husband, the plaintiff
in the second action, was injured in a collision with an
automobile owned by the defendant and driven by one
Kennedy, her brother.  Writs dated January 3, 1928.

In the Superior Court, the action was tried before *Morton*,
J., by whose order verdicts were ordered for the defendant.
The plaintiffs alleged exceptions.

*M. Palais*, for the plaintiffs.

*F. M. Qua*, for the defendant, was not called on.

RUGG, C.J.   These actions of tort grow out of a collision
between an automobile in which the plaintiffs were riding
and one owned by the defendant but operated by her brother,
who was using the car on his own business and not on the
defendant's business but with the defendant's knowledge
and consent.  The defendant was not in her automobile at
the time of the accident.  The sole question argued is
whether the judge rightly denied this request for ruling:
"It is not necessary as a matter of law under the Compulsory
Insurance Law for the plaintiff to prove agency on the part
of the operator of defendant's car, if there is evidence, or it
is agreed, that at the time of the accident the defendant's
car was being operated by some person with the knowledge
and consent of the owner, the defendant in this case."

The plaintiffs rest their cases entirely on the contention that the preëxisting common law, to the effect that one who is neither servant nor agent of the owner but an independent bailee cannot by his negligence charge the owner with liability, *Marsal* v. *Hickey*, 225 Mass. 170, has been changed by § 34A of the compulsory automobile insurance law, added to G. L. c. 90 by St. 1925, c. 346, § 2, and amended by St. 1926, c. 368, § 2. The pertinent provisions of this statute are that the owners of motor vehicles must give a bond conditioned that "the obligor shall within thirty days after the rendition thereof satisfy all judgments rendered against him or against any person responsible for the operation of the obligor's motor vehicle . . . with his express or implied consent." The meaning of these words is that the bond required to be given is a security for judgments rendered not only against the obligor of the bond, but also against the person responsible for the operation of the car with the express or implied consent of the owner. That was an important extension of protection previously afforded to those injured by automobiles upon public ways. It did not, however, go so far as to make the owner of the motor vehicle responsible for the negligence of one not his servant or agent although operating his motor vehicle with his knowledge and consent. A further extension of liability was wrought by St. 1928, c. 317, adding § 85A to G. L. c. 231, whereby it was provided that, in actions for injuries arising out of an accident or collision in which a motor vehicle is involved, "evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be *prima facie* evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible," and that absence of such responsibility should be an affirmative defence. This statute would have been superfluous if the contention of the plaintiffs as to the meaning of said § 34A was sound. There is nothing in *Opinion of the Justices*, 251 Mass. 569, 599, at variance with the conclusion here reached.

*Exceptions overruled.*