FRANK ROSE, administrator, *vs.* FRANKLIN SURETY COMPANY & another.

Suffolk.   October 4, 1932. — January 21, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Insurance*, Motor vehicle liability.   *Words*, "Benefits."

Where the owner of a motor truck was not a subscriber under the workmen's compensation act and an employee of his, while riding on the truck in the course of his employment, received injuries resulting in his death through the negligent operation of the truck on a public way by another employee of the owner acting in the course of his employment, and the administrator of the injured employee's estate secured

judgment against the operator for his intestate's conscious suffering and death, the administrator, in a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (10), was entitled to reach and apply to the satisfaction of said judgment the obligation of an insurance company under a policy of motor vehicle liability insurance issued by it to the owner of the truck pursuant to the requirements of G. L. (Ter. Ed.) c. 90.

Under such insurance policy, the company had contracted to provide indemnity to the judgment debtor as a "person responsible for the operation of the insured's motor vehicle with his [the owner's] express or implied consent" within the meaning of G. L. (Ter. Ed.) c. 90, § 34A.

The plaintiff's intestate in the circumstances above described was not an employee "of the insured . . . entitled to payments or benefits under the provisions" of the workmen's compensation act within the meaning of said § 34A so as to be excluded from the class of persons, liability for whose bodily injuries or death was the subject of the indemnity provided by the insurance policy.

The word "benefits" in the provision of said § 34A above quoted does not refer to G. L. (Ter. Ed.) c. 152, § 66, depriving an employer of certain defences in an action against him by an employee.

BILL IN EQUITY, filed in the Superior Court on August 20, 1931, under G. L. c. 214, § 3 (10), in the amended form appearing in St. 1930, c. 340, § 4, to reach and apply to the satisfaction of a judgment secured by the plaintiff against one William P. Neves the obligation of the defendant Franklin Surety Company under a policy of motor vehicle liability insurance issued to one Antonio Piers.

By amendment, Neves was joined as a party defendant. The bill was taken *pro confesso* as to him. The suit was heard by *J. J. Burns,* J. Material findings by the judge are stated in the opinion. By his order a final decree was entered ordering the defendant Franklin Surety Company to pay to the plaintiff $2,020.55, the amount of the plaintiff's judgment against Neves, with interest. The defendant Franklin Surety Company appealed.

*M. Z. Kolodny,* for the defendant, Franklin Surety Company.

*J. T. Connolly,* (*R. Landau* with him,) for the plaintiff.

DONAHUE, J. The plaintiff's intestate on December 14, 1930, while an employee of one Piers as helper on a milk truck, received injuries which resulted in his death. The truck was being operated on a public highway by one

Neves, who was also an employee of Piers and acting in the course of his employment. The injuries and death of the plaintiff's intestate were caused by the negligence of Neves in the operation of the truck. The plaintiff as administrator brought an action at law against Neves for the conscious suffering and death of his intestate. On default judgment was entered for the plaintiff and damages were assessed. At the time of the injury to the plaintiff's intestate, Piers was not insured under the workmen's compensation act (G. L. [Ter. Ed.] c. 152) but did hold a valid policy of insurance issued by the defendant Franklin Surety Company pursuant to the compulsory motor vehicle insurance statute (St. 1925, c. 346, G. L. [Ter. Ed.] c. 90, §§ 34A–34J). Proper demand was made on the defendant insurance company for the payment of the execution issued on the judgment against Neves but payment thereof was not made. The plaintiff has brought a suit in equity under the provisions of G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply the obligation of the defendant insurance company under the policy issued to Piers in satisfaction of the judgment against Neves. The trial judge made findings of fact and entered a final decree for the plaintiff, from which decree the defendant insurance company has appealed to this court.

The primary object of the compulsory motor vehicle insurance statute is to provide security for the payment of damages for the injury or death of travellers on public highways caused by the negligent operation of motor vehicles. Through the negligent operation of the insured's motor vehicle by Neves injury and resulting death came to the plaintiff's intestate while he was a traveller on a highway. The plaintiff was not obliged to sue the employer of his intestate. He chose, as was his right, to bring suit against Neves, the actual wrongdoer, whose liability as well as the amount of damages has now been legally fixed in a judgment. The plaintiff here seeks to have the security of the policy issued by the defendant insurance company applied to the payment of that judgment.

The security afforded by an insurance policy issued pur-

suant to the statute is not limited to the payment of a judgment against the insured.    Such a policy provides "indemnity for or protection to the insured and any person responsible for the operation of the insured's motor vehicle with his express or implied consent against loss by reason of the liability to pay damages to others . . . ."    G. L. (Ter. Ed.) c. 90, § 34A.    Neves was such a person.    *McNeil* v. *Powers,* 266 Mass. 446.    *Boyer* v. *Massachusetts Bonding & Ins. Co.* 277 Mass. 359.    *Johnson* v. *O'Lalor,* 279 Mass. 10. Because of this provision of the statute the defendant company contracted to provide indemnity not only for the insured but as well for Neves and for any other person who during the life of the policy with the insured's consent might become responsible for the operation of his motor vehicle on a public highway.    Such persons are beneficiaries under the contract of insurance entered into by the insurer and the insured.    The plaintiff, having established the liability of Neves to pay damages, now asks the insurance company to perform its contractual obligation to indemnify and protect Neves against loss by reason of that liability.

At the time of his injury the plaintiff's intestate besides being a traveller on the highway also had the status of an employee of the insured.    The statute does not exclude as a class all employees of an insured from the right to avail themselves of the security of the policy.    The only travellers on a highway who are so excluded by the statute are "employees of the insured or of such other person responsible as aforesaid who are entitled to payments or benefits under the provisions" of the workmen's compensation act (G. L. [Ter. Ed.] c. 152).    G. L. (Ter. Ed.) c. 90, § 34A. The question here presented for decision is whether the plaintiff's intestate was such an employee.    Since his employer was not insured under the workmen's compensation act the plaintiff's intestate clearly was not a person entitled to any "payments" of compensation or to any payments under that act.    Nor do we think, as the defendant company contends, that he was a person entitled to any "benefits" thereunder in the sense in which that word is used in the compulsory insurance statute.    The workmen's compen-

sation act does more than provide for the payment of money to the employee as compensation (§§ 30, 31, 36), to a physician selected by the employee for his services (§ 30) or for reasonable burial expenses (§ 33). The insurer is further obligated in stated circumstances to "furnish adequate and reasonable medical and hospital services, and medicines if needed." § 30. It is a natural and adequate interpretation to read the word "benefits" appearing in the compulsory insurance statute in close conjunction with the word "payments" as applicable to the last enumerated advantages to which an injured employee of an employer insured under the workmen's compensation act is entitled. It would be a forced and unnatural construction to hold that the words "employees . . . who are entitled to payments or benefits" under the workmen's compensation act refer to § 66 which in terms confers no rights on the employee but deprives the employer of defences to a law action which he would otherwise have had. The words under consideration must be construed in the light of the dominant purpose of the statute in which they appear, that is, the provision of security for the collection of damages suffered without fault by travellers on the highway through the negligent operation of motor vehicles. The reason why the employees of one who is insured under the workmen's compensation act are properly excluded from participation in the security afforded by the compulsory insurance statute is that such employees already have under the workmen's compensation act "certainty of payment and exoneration from expenses and delay incident to an action at law." *Opinion of the Justices,* 251 Mass. 569, 603. That act provides no such certainty or exoneration to the employees of one not insured under its provisions. Since the plaintiff's intestate was not an employee who by the terms of the compulsory insurance statute was excluded from participation in the security which that statute provides, final decree was rightly entered for the plaintiff.

*Decree affirmed.*