JENNIE GUZENFIELD vs. LIBERTY MUTUAL INSURANCE
COMPANY & others.

Suffolk. January 3, 1934. — March 28, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & FIELD, JJ.

*Insurance*, Motor vehicle liability.

The insurer in a policy of compulsory motor vehicle liability insurance
issued under the provisions of G. L. (Ter. Ed.) c. 90, § 34A, to the
owner of an automobile and providing "indemnity for or protection
to the insured and any person responsible for the operation of the
said automobile with the insured's expressed or implied consent,
against loss . . . arising out of the ownership, operation, and main-
tenance, control or use upon the ways of the Commonwealth of said
automobile," was required to satisfy a judgment obtained in an action
of tort against an employee of the owner for personal injuries sus-
tained when the automobile was being operated by a third person
with the consent and under the supervision of the employee although
the owner in entrusting the vehicle to the use of the employee had
stipulated that the employee was not to permit any person other
than himself to use, operate, maintain, control or ride in it.

BILL IN EQUITY, filed in the Superior Court on February
6, 1933, and described in the opinion.

The suit was heard by *Greenhalge*, J., upon an agreed
statement of facts. Material facts are stated in the opinion.
A final decree directing the defendant Liberty Mutual
Insurance Company to pay the plaintiff $444.45 and costs
was entered. That defendant appealed.

*E. W. Sawyer*, for the defendant Liberty Mutual Insurance
Company.

*L. Rosenthal*, (*M. W. Rosenthal* with him,) for the plaintiff.

WAIT, J. This case was heard upon agreed facts which,
summarily stated, so far as material, are as follows: The
plaintiff obtained judgment against one Meade for negli-
gence in operating an automobile. The automobile was
owned by the Metropolitan Furniture Company of Boston,
which was insured by the Liberty Mutual Insurance Com-
pany under a policy of compulsory motor vehicle insurance.

The automobile was furnished Meade by the Metropolitan Furniture Company of Boston to be used exclusively in its business; and by his contract Meade was not to permit or allow any person other than himself to use, operate, maintain or control it, nor to permit any person other than himself to ride in it. When the accident occurred, one Mary Holmes, admitted to the automobile by Meade as a passenger on a trip while the vehicle was being used in the owner's business, was driving it on a public highway with Meade's permission and under Meade's supervision in teaching her to make a "left turn." The insurance policy "provided indemnity for or protection to the insured and any person responsible for the operation of the said automobile with the insured's expressed or implied consent, against loss . . . arising out of the ownership, operation, and maintenance, control or use upon the ways of the Commonwealth of said automobile." It was in force on the day of the accident. The plaintiff duly demanded that the defendant insurer pay the judgment. It refused, and this bill in equity followed. The judge found that Meade was responsible for the operation of the insured's automobile with its express or implied consent, within the terms of the policy; and ordered decree for the plaintiff.

The defendant contends that the facts, in law, do not sustain the finding and ruling that Meade was the person responsible for the operation of the motor vehicle with the express or implied consent of the owner within the meaning of the statute; that it is error to hold that within the meaning of the statute and the words of the policy issued to comply with it the motor vehicle here concerned can be found to have been operated by one responsible for such operation with the express or implied consent of the owner, when the conduct of the operator was in direct disobedience of the owner's orders. It relies upon decisions from other jurisdictions which have interpreted the language of policies of insurance resembling the words of the policy here in question, and have held the insurer not to be liable. *Sauriolle* v. *O'Gorman*, 86 N. H. 39. *Johnson* v. *American Automobile Ins. Co.* 131 Maine, 288. *Heavilin* v. *Wendell*, 214 Iowa,

844.  *Frederiksen* v. *Employers' Liability Assurance Corp. Ltd.* 26 Fed. Rep. (2d) 76.  *Kazdan* v. *Stein,* 118 Ohio, 217.  *Trotter* v. *Union Indemnity Co.* 35 Fed. Rep. (2d) 104.  See also *Dickinson* v. *Maryland Casualty Co.* 101 Conn. 369; *Stovall* v. *New York Indemnity Co.* 157 Tenn. 301; *Peterson* v. *Maloney,* 181 Minn. 437.  72 Am. L. R. 1375–1410.

Detailed discussion of these cases is unnecessary since in the case before us there is present an element, lacking in them, which we deem of supreme importance.  The policy here in question was issued to meet the requirements of our statute of compulsory motor vehicle insurance.  It is to be construed in connection with that statute and the public policy embodied therein.  Our motor vehicle insurance law (G. L. [Ter. Ed.] c. 90, in sections embodying St. 1925, c. 346, St. 1928, c. 381, and St. 1930, c. 340, the acts creating the compulsory liability features) requires as a condition of valid registration of a motor vehicle that the owner furnish indemnity to persons who may be injured by it.  One method of furnishing indemnity is by taking out a policy of insurance which must provide "indemnity for or protection to the insured *and any person responsible for the operation of the insured's motor vehicle with his express or implied consent* [italics ours] against loss by reason of the liability to pay damages to others . . . arising out of the ownership, operation, maintenance, control or use upon the ways of the commonwealth of such motor vehicle . . ." G. L. (Ter. Ed.) c. 90, § 34 A.  The policy must contain provisions that liability shall become absolute when the loss or damage for which the insured is responsible occurs as respects "both the owner of a motor vehicle or trailer insured thereunder and any person responsible for its operation with the express or implied consent of such owner" (G. L. [Ter. Ed.] c. 175, §§ 112, 113 A [1], St. 1928, c. 381, § 5); and that "no violation of the terms of the policy and no act or default of the insured, either prior or subsequent to the issue of the policy, shall operate to defeat or avoid the policy so as to bar recovery" by judgment creditor proceeding in the method pursued here.  (G. L. [Ter. Ed.] c. 175, § 113 A [5]).  Such a policy makes as its assured not only

the owner but also "any person responsible for the operation of the insured's [owner's] motor vehicle with his express or implied consent"; and it covers the liability of the assured to pay damages to others arising "out of the ownership, operation, maintenance, control or use" of the insured vehicle on the ways of the Commonwealth (G. L. [Ter. Ed.] c. 90, § 34 A). The purpose of the Legislature in enacting the compulsory law was to furnish to persons injured through the use by others of motor vehicles upon our public ways security for payment of damages. *Rose* v. *Franklin Surety Co.* 281 Mass. 538, 540. *Opinion of the Justices*, 251 Mass. 569, 594, 595, 599, 601, 608. · In requiring the policy — a condition of valid registration — to cover not only the owner but also any one responsible to him in its use, it contemplated that the liability of the insurer should, so to speak, run with the car unaffected by the owner's action unless its presence on the public ways was without his sanction. If by personal use or by operation through a servant or agent the owner permits the vehicle to be on the public ways, he or the user responsible to him (become an assured by virtue of the statute) may incur liability which the insurer must make good to the limit of the insurance. This purpose will, to a considerable extent, be frustrated if the law is construed as the defendant argues that it should be. The full benefit of the compulsory security and of the provision precluding avoidance by default of the owner will be lost, if violations of rules of conduct laid down by an owner to be observed by such as he permits to use his motor vehicle upon our ways are held to defeat an injured person's enforcement of the policy by destroying the owner's consent to the use.

The statutory language is appropriate and sufficiently inclusive to mean that if his motor vehicle is present in use or operation on the ways of the Commonwealth with the owner's consent by some one responsible to the owner, then, under the compulsory motor vehicle insurance law, the owner's consent to the immediate conduct of the user at the moment of an accident is immaterial. We think it should be so construed. *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532. Nothing in *Boyer* v. *Massachusetts Bonding & Ins. Co.* 277

Mass. 359, or *Johnson* v. *O'Lalor*, 279 Mass. 10, requires a different conclusion. Neither dealt with the point here discussed. Obviously Meade, the chauffeur, was responsible to his employer for the result of his disobedient conduct. His disobedience did not destroy his responsibility to the owner for the operation of the automobile. By the terms of the policy, he was insured under it. The plaintiff therefore was entitled to enforce it.

*Decree affirmed with costs.*