ARTHUR C. BOUDREAU *vs.* MARYLAND CASUALTY COMPANY.

IRENE M. GIRARDIN *vs.* SAME.

Worcester.    September 25, 1933. — September 10, 1934.

Present: CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Insurance,* Motor vehicle liability.    *Bailment.*

In a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply the obligation of an insurance company under a policy of compulsory motor vehicle liability insurance to the satisfaction of a judgment for personal injuries obtained by the plaintiff, it appeared that the owner of the automobile covered by the policy gave the use of it to his son and to the judgment debtor on a certain occasion, but instructed the judgment debtor not to permit the son to operate it,

and that the plaintiff's injuries resulted from operation of the automobile by the son, who had been requested to operate it by the judgment debtor. A decree in the plaintiff's favor was entered. *Held,* that

(1) Although the owner of the automobile gave the use of it to both the son and the judgment debtor, its operation was entrusted to the judgment debtor alone, and he was the bailee thereof;

(2) At the time when the plaintiff's injuries occurred, the judgment debtor was a "person responsible for the operation of" the automobile "with . . . [the owner's] . . . consent" within the meaning of G. L. (Ter. Ed.) c. 90, § 34A, and the corresponding provisions of the policy; his failure to observe the terms of the bailment, by disobeying the owner's instructions not to permit the son to operate the automobile, was immaterial;

(3) The decree was proper.

Two BILLS IN EQUITY, filed in the Superior Court on November 30, 1932, described in the opinion.

The suits were heard together by *Dillon,* J. Material facts, and final decrees entered by order of the judge, are described in the opinion. The defendant appealed from each decree.

*A. Donahue,* for the defendant.

*E. A. O'Rourke,* for the plaintiffs.

DONAHUE, J. The plaintiff in each case has recovered a judgment against one Dwyer; in the first case for personal injuries and property damage and in the second for personal injuries alone, resulting from a collision of an automobile in which the plaintiffs were riding and an automobile owned by Blanche L. Kelley, who, on the evening when the collision occurred, had given the use of her automobile to Dwyer and her son. In giving permission to use her automobile she instructed Dwyer, who was licensed to operate motor vehicles, not to permit her son, who was a minor and had no license, to operate the automobile. However, at the time of the collision her son at the request of Dwyer was operating the automobile and Dwyer was riding on the rear seat. The plaintiffs have brought bills in equity under G. L. (Ter. Ed.) c. 214, § 3 (10), whereby they seek to have the obligation of the defendant under an insurance policy issued to the owner applied to their judgment debts against Dwyer. A final decree entered in the

first case ordered the defendant to pay to the plaintiff therein the amount recovered for personal injuries with interest. It did not include the amount of property damage suffered by the plaintiff. In the second case the final decree ordered the defendant to pay to the plaintiff the amount of her judgment against Dwyer with interest and costs, that judgment being based solely on a claim for personal injuries. The defendant appealed from both decrees.

The defendant, having issued to the owner a policy of insurance pursuant to the compulsory motor vehicle insurance law (G. L. [Ter. Ed.] c. 90, §§ 34A–34J), thereby provided "indemnity for or protection to the insured and. any person responsible for the operation of the insured's motor vehicle with . . . [her] express or implied consent against loss by reason of the liability to pay damages to others for bodily injuries, including death at any time resulting therefrom . . . arising out of the ownership, operation, maintenance, control or use upon the ways of the commonwealth of such motor vehicle." G. L. (Ter. Ed.) c. 90, § 34A.

The owner gave the use of the automobile to Dwyer and her son, but she entrusted its operation to Dwyer alone. By the terms of the bailment he, and not the son, became responsible to the owner for its operation. Dwyer was manifestly a "person responsible for the operation of the insured's motor vehicle" within the meaning of the statute and the policy, *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532, and he, as well as the owner, was, by reason of the issuance of the policy, provided with indemnity against loss by reason of the liability to pay damages to the plaintiffs for bodily injuries. *Rose* v. *Franklin Surety Co.* 281 Mass. 538. It is of no consequence that Dwyer disobeyed the owner's instructions and permitted her son to operate the automobile. A responsibility is not terminated by ignoring it. To accomplish the purpose of the statute, that is, the establishment of compulsory security for the payment of damages for the bodily injuries or death of travellers on the highways caused by the negligent operation of motor vehicles (*De Costa* v. *Ye Craftsman Studio*

*Inc.* 278 Mass. 315, 317), by the terms of the policy indemnity was furnished to a person who has in fact been made responsible by the owner for the operation of his automobile on the highways.   The indemnity is not made contingent upon such a person living up to the terms of a contract of bailment between himself and the owner.   In the present case the responsibility for the operation of the automobile was placed upon Dwyer by the owner.   "His disobedience did not destroy his responsibility." *Guzenfield* v. *Liberty Mutual Ins. Co.* 286 Mass. 133, 137.   That responsibility continued and was existent at the time the plaintiffs received their injuries.   Under a policy issued pursuant to the compulsory motor vehicle insurance law, it is the existence of the responsibility for the operation of a motor vehicle, not the authority for the particular operation at the time of an accident, which fixes the insurer's liability to indemnify a person other than the owner for the consequences of negligent operation.   *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532.

Since Dwyer was a person charged with responsibility for the proper operation of the automobile, the defendant is obligated to indemnify him against loss by reason of the liability which has been imposed upon him by the judgments obtained by the plaintiffs.   The decrees which apply that obligation to the judgments were properly entered.

*Decree in each case affirmed.*