JOHN ADAMS *vs.* AMERICAN EMPLOYERS INSURANCE COMPANY OF BOSTON & another.

Worcester.    September 23, 1935. — October 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Insurance*, Motor vehicle liability.    *Equity Pleading and Practice*, Agreed statement of facts, Appeal.

A policy of compulsory motor vehicle liability insurance issued pursuant to G. L. (Ter. Ed.) c. 90, § 34A, covered the judgment liability of the assured, who was not insured under the workmen's compensation act, for personal injuries sustained by his employee when, while the employee, accompanied by the assured, was operating the insured motor vehicle upon a public way in this Commonwealth in the course of his employment, it ran off the way because of a defect in its mechanism.

Upon appeal in a suit in equity from a final decree entered after hearing upon an agreed statement of facts, the case should be decided by this court without reference to the decision of the trial judge.

BILL IN EQUITY, filed in the Superior Court on August 6, 1934, with a writ of summons and attachment dated June 21, 1934.

The suit was heard by *Williams*, J.

*C. C. Milton*, for the defendant American Employers Insurance Company of Boston.

*H. H. Hartwell*, for the plaintiff.

CROSBY, J.    This is a suit in equity brought in the Superior Court under G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply the obligation of the defendant insurance company arising under a policy of motor vehicle liability insurance issued pursuant to the compulsory motor vehicle liability insurance statute (St. 1925, c. 346, G. L. [Ter. Ed.]

c. 90, §§ 34A–34J) to the defendant Cinsky as the owner of an automobile hearse. The bill alleges that on May 14, 1934, the plaintiff recovered judgment against Cinsky in the sum of $1,508.50 as damages and $71.05 as costs of suit; that said judgment was recovered as the result of injuries caused to the plaintiff by an automobile accident which occurred on January 7, 1930; that the judgment had remained unsatisfied for more than thirty days since it was rendered; and that it remains unsatisfied. The case is before this court on the pleadings, an agreed statement of facts, and a final decree directing the defendant company and Cinsky to pay to the plaintiff the amount of the judgment against Cinsky. From the final decree the company appealed.

It appears from the agreed facts that on January 7, 1930, the plaintiff was employed by Cinsky as a spare driver of an automobile hearse, and that on that date in the course of his employment he was operating the hearse on a highway in this Commonwealth accompanied by Cinsky. Owing to a defect in the mechanism of the hearse it left the road, and as a consequence the plaintiff was injured. At the time of the accident Cinsky was not insured under the workmen's compensation act. (G. L. [Ter. Ed.] c. 152.) The hearse, at the time of the injury, was registered and insured in the name of Matthew A. Civinsky in the defendant company. Matthew A. Civinsky is the same person as the defendant Matthew A. Cinsky. As the hearing was upon an agreed statement of facts, this court considers questions involved without reference to the decision of the trial judge. *Stuart* v. *Sargent*, 283 Mass. 536, 541.

It was said by this court in *Rose* v. *Franklin Surety Co.* 281 Mass. 538, at pages 540–541: "The primary object of the compulsory motor vehicle insurance statute is to provide security for the payment of damages for the injury or death of travellers on public highways caused by the negligent operation of motor vehicles. . . . The plaintiff was not obliged to sue the employer of his intestate. He chose, as was his right, to bring suit against . . . the actual wrongdoer, whose liability as well as the amount of damages has

now been legally fixed in a judgment. The plaintiff here seeks to have the security of the policy issued by the defendant insurance company applied to the payment of that judgment. The security afforded by an insurance policy issued pursuant to 'the statute is not limited to the payment of a judgment against the insured. Such a policy provides 'indemnity for or protection to the insured and any person responsible for the operation of the insured's motor vehicle with his express or implied consent against loss by reason of the liability to pay damages to others . . . .' G. L. (Ter. Ed.) c. 90, § 34A." See also *O'Roak* v. *Lloyds Casualty Co.* 285 Mass. 532, 536. The judgment against Cinsky, the assured, entitles the plaintiff to a de- . cree ordering payment to him by the company. The policy issued to Cinsky was pursuant to the compulsory motor vehicle liability insurance statute, and was to protect him against liability resulting from the ownership, operation, maintenance and control of his hearse upon " the ways of " this Commonwealth. That liability has been adjudicated, and the defendant company must now satisfy the judgment obtained against him. G. L. (Ter. Ed.) c. 90, § 34A. *Lunt* v. *Aetna Life Ins. Co.* 253 Mass. 610, 613.

The plaintiff is not precluded from recovery because of his employment by Cinsky. As Cinsky was not insured under the workmen's compensation act (G. L. [Ter. Ed.] c. 152), the plaintiff is entitled to his common law remedy; he is not an employee of the assured who is "entitled to payments or benefits under" the act (G. L. [Ter. Ed.] c. 90, § 34A), and therefore he is not excepted from the benefits of the policy. The circumstance that the plaintiff was the operator of the insured automobile hearse is not a bar to recovery. By reason of the defendant company's obligation under the policy issued to Cinsky to protect him from liability resulting from his ownership, operation, maintenance, control or use of his motor vehicle upon "the ways of" this Commonwealth, the company is required to satisfy the judgment obtained by the plaintiff against Cinsky, the assured. The case at bar is fully covered by the decision in *Rose* v. *Franklin Surety Co.* 281 Mass. 538. The case of

*MacBey* v. *Hartford Accident & Indemnity Co., ante,* 105, relied on by the defendant company, is plainly distinguishable.

*Decree for the plaintiff affirmed*
*with costs of the appeal.*