Sanborn, J.
This is an action of tort for personal injuries resulting from the collision at intersecting streets, between an automobile in which the plaintiff was riding as a guest passenger and one owned by the defendant and operated by the daughter of the local general manager of the defendant Company.
*184 The defendant’s answer among other things alleges that the automobile was not then under the control of one for whose conduct the defendant was responsible.
There was evidence tending to show that the manager had been given custody and control of the automobile by the defendant and that he kept it in a garage in the rear of his home; that he had permitted his daughter to use the automobile to take some of her friends to a foot-ball game, and that the accident happened while it was being so used.
The Court found that the defendant’s automobile at the time of the collision “was not operated under the authority or agency of the defendant, and that said general manager had no authority to loan the automobile for the purpose used”, and made a finding for the defendant.
The sole question here presented for decision is whether the defendant is liable for the negligent operation of its automobile when used under the circumstances and for the purpose herein stated.
The plaintiff contends that G. L. Ch. 90, §34A, providing for compulsory motor vehicle liability insurance extends the liability of an automobile owner so as to include any person who operates the automobile with his express or implied consent. In other words, that the pre-existing common law to the effect that one who is neither the servant nor agent of the owner, but an independent bailee, cannot by his negligence, charge the owner with responsibility, has been changed by the compulsory insurance law.
• Whether a policy of liability insurance issued to the defendant in compliance with G. L, Ch. 90, §34A, would afford protection to the plaintiff in an action against the operator under the circumstances of this case, need not be here considered. The sole question is whether the plaintiff can hold this defendant liable in damages for the injuries sustained.
*185 We are of the opinion that the statute in question requiring owners of automobiles to carry liability insurance, has not changed the substantive law of negligence. It does not render the owner of an automobile liable for damages caused by the negligence of one not his servant or agent. McNeil vs. Powers, 266 Mass. 446; Smith vs. Freedman, 268 Mass. 38; Hobbs vs. Cunningham, 273 Mass. 529; Bruce vs. Hanks, 277 Mass. 268; Marshall vs. Hickey, 225 Mass. 170.
The question of agency was one of fact for the trial Court, and having found no agency or employment existed between the defendant and the operator of the automobile rightly found for the defendant.
Report dismissed.