SERVICE MUTUAL LIABILITY INSURANCE COMPANY *vs.*
MORRIS ARONOFSKY.

Suffolk.   October 10, 1940. — February 5, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Insurance*, Motor vehicle liability. *Constitutional Law*, Equal protection
of the law. *Contract*, Validity. *Public Policy*.

Under provisions of a policy of compulsory motor vehicle liability in-
surance that the insurance company "shall have the right to make
such . . . settlement of any claim or suit as may be deemed expedient
by the company," and in certain circumstances might require reim-
bursement by the insured for payments so made by it, the company
in those circumstances, in the absence of fraud or negligence on its
part, was not precluded from reimbursement even if it gave no notice
to the insured of a settlement it made.

Provisions of a policy of motor vehicle liability insurance having the
effect of entitling the insurer to reimbursement by the insured, who
was not insured under the workmen's compensation act, for a pay-
ment made by the insurer in settlement of a claim against the insured
for injuries sustained by his employee, while engaged in his business,
through negligent operation of the insured's automobile upon a public
way in the Commonwealth, were not unconstitutional nor against
public policy and were enforceable.

CONTRACT.   Writ in the Superior Court dated September
15, 1939.

The case was tried before *Walsh*, J.

Paragraph I of the policy which was the basis of the
plaintiff's claim was entitled "Insuring Agreements" and
was in three parts, one entitled "Coverage A.  Bodily In-
jury Liability — Statutory — Upon the Ways of the Com-
monwealth of Massachusetts (This Coverage is compul-
sory)."  Portions thereof material to this case are described
in the opinion.  The second part of paragraph I was en-
titled "Coverage B.  Bodily Injury Liability (This Cover-
age is Optional)."  The third part of paragraph I was en-
titled "Property Damage Liability."

Paragraph II of the policy was entitled "Defense, Settle-
ment, Supplementary Payments."  Material portions thereof
are described in the opinion.

Portions of the policy which relate to "Exclusions" also are quoted in the opinion.

*D. A. Pfromm,* (*H. Alden* with him,) for the plaintiff.

*G. Broomfield,* for the defendant.

DOLAN, J.  This is an action of contract in which the plaintiff seeks to recover a certain sum paid by it to one Mank, an employee of the defendant, in settlement of the claim of Mank against the defendant for compensation for personal injuries which he sustained while engaged in the business of the defendant, as a result of the negligent operation of the latter's automobile upon the ways of the Commonwealth.  The defendant's answer contains a general denial and further alleges that the terms of the policy of insurance under which the plaintiff seeks recovery are in contravention of public policy.

The case was tried to a jury and the following facts were agreed to by the parties: The defendant was not insured under the workmen's compensation act.  The plaintiff paid Mank $3,250 in settlement of the claim before described.  Mank was engaged in the business of the defendant when injured.  The accident occurred upon Edinboro Street, a public way in Quincy.  The policy of motor vehicle insurance (G. L. [Ter. Ed.] cc. 90, 175) which was issued by the plaintiff to the defendant was in the standard form approved by the commissioner of insurance for the year 1939.

There was also evidence that the accident occurred on January 27, 1939.  Mank brought an action in a District Court against the defendant to recover compensation for his injuries.  The case was removed to the Superior Court and, while there pending, the settlement before referred to was entered into between the plaintiff and Mank on April 18, 1939.  Mank signed a release of all claims against the defendant.

Under "Coverage A" of the policy it was provided as follows: "(2) No statement made by the insured or on his behalf either in securing this policy or in securing registration of the motor vehicle, no violation of the terms of this policy and no act or default of the insured, either prior to or

subsequent to the issuance of this policy shall operate to defeat or avoid this coverage so as to bar recovery by a judgment creditor proceeding in accordance with the Laws of the Commonwealth of Massachusetts. The terms of this policy shall remain in full force and effect, however, as binding between the insured and the company, and the insured agrees to reimburse the company for any payment made by the Company hereunder on account of any accident, claim or suit, involving a breach of the terms of this policy and for any payment the company would not have been obligated to make if the exclusions applicable to coverage B were applicable to this coverage." Under "Exclusions" it was provided: "This policy does not apply: . . . (g) under coverage B to bodily injury to or death of any employee of the insured while engaged in the business of the insured, other than domestic employment, or in the operation, maintenance or repair of the motor vehicle." At the conclusion of the plaintiff's evidence the defendant read to the jury the following paragraphs from the policy of insurance: (II) "It is further agreed that as respects insurance afforded by this policy under coverages A, B and C the company shall (a) defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company shall have the right to make such investigation, negotiation and settlement of any claim or suit as may be deemed expedient by the company"; under "Exclusions": "This policy does not apply: . . . (b) under coverages A and B to bodily injury to or death of any person for which the insured or the company, as the insurer of the insured, may be held liable under any workmen's compensation law." The defendant then rested, and each of the parties moved for a directed verdict. The judge denied the plaintiff's motion and granted that of the defendant, subject to the plaintiff's exceptions.

The jury having returned a verdict as directed, the judge reported the case to this court under a stipulation that, if the direction of a verdict for the defendant was erroneous, judgment is to be entered for the plaintiff in the sum of

$3,331.25; and that otherwise judgment is to be entered for the defendant.

The design of the compulsory liability insurance act is to protect travellers on the highways injured by motor vehicles. *Opinion of the Justices,* 251 Mass. 569, 595, 599, 601, 608. *Rose* v. *Franklin Surety Co.* 281 Mass. 538, 540. *Caccavo* v. *Kearney,* 286 Mass. 480, 484. *MacBey* v. *Hartford Accident & Indemnity Co.* 292 Mass. 105, 107. *Dickinson* v. *Great American Indemnity Co.* 296 Mass. 368, 372. Under the clauses of coverage "A" which are compulsory under the statute, the protection of the policy is extended to "any person" injured upon the ways of the Commonwealth, and since the defendant was not insured under the workmen's compensation act, Mank was entitled to the benefits of the policy issued by the plaintiff. *Rose* v. *Franklin Surety Co.* 281 Mass. 538, 542. *Adams* v. *American Employers Ins. Co.* 292 Mass. 260, 262.

Section (a) of paragraph II of the policy gave the plaintiff the right to settle claims against the defendant in any way it deemed expedient, and to defend any suits against the defendant covered by the terms of the policy. The defendant's contention, that the plaintiff's settlement with Mank was improper, apparently based on the ground that the defendant had no notice of it, cannot be sustained. There was evidence tending to show that he knew what was being done in connection with the settlement of the claim of Mank. But even if he were ignorant of the settlement, it is not open to attack by him in the absence of evidence showing fraud or negligence on the part of the plaintiff. *Long* v. *Union Indemnity Co.* 277 Mass. 428, 430. *Davison* v. *Maryland Casualty Co.* 197 Mass. 167, 171. The "policy entrusts the matter of settlement to the judgment of the insurer, and . . . its judgment, exercised in good faith, is final." *Abrams* v. *Factory Mutual Liability Ins. Co.* 298 Mass. 141, 145, and cases cited. There is nothing in the record to show an absence of good faith or negligence on the part of the plaintiff in making the settlement in question.

Under "Coverage A" (2) the defendant agreed to reim-

burse the plaintiff for any payment made by the latter on account of any accident, claim or suit involving a breach of the terms of the policy and "for any payment the company would not have been obligated to make if the exclusions applicable to coverage B [bodily injury liability or death] were applicable to this coverage." Under "Exclusions" it is provided that the policy shall not apply "(g) under coverage B to bodily injury to or death of any employee of the insured while engaged in the business of the insured, other than domestic employment, or in the operation, maintenance or repair of the motor vehicle." The defendant contends that the provisions for reimbursement are invalid, arguing that the obligations which they purport to impose upon him are against public policy and invalid; that these provisions are unconstitutional and lacking in mutuality. These contentions cannot be sustained.

In support of his contention that the reimbursement provisions are unconstitutional, because they do not afford equal protection under the law and create a hardship upon persons having employees, of which he is one, no authorities have been cited by the defendant. He concedes that these provisions are against no positive law and that he finds no case which holds they are illegal. We are of opinion that the obligation of reimbursement provided for in the policy of insurance does not offend any provisions of the Federal Constitution. The defendant was not obliged to obtain the policy of insurance as a prerequisite to the operation of his motor vehicles. He had alternatives, namely, either to file a bond, or to deposit security in lieu of such insurance under the provisions of G. L. (Ter. Ed.) c. 90, § 34D. The requirements of the compulsory automobile insurance law apply alike to all who seek to register motor vehicles to be operated on the ways of the Commonwealth, whether employers of others or not. It seems manifest that the provision in the policy for reimbursement complained of is not unreasonable or arbitrary and that it does not deprive the defendant of any constitutional rights. See *Opinion of the Justices*, 251 Mass. 569, 601. The defendant, having elected to take out the policy of insurance instead of taking

advantage of the alternatives provided by the statute, must be taken to have assented to its provisions with a full realization of their import. The contract did not fail for lack of mutuality.

The provision for reimbursement in the circumstances of the present case is not against public policy, but in our opinion is in harmony with the public policy underlying both the compulsory automobile insurance law and the workmen's compensation act. Here, as in *Rose* v. *Franklin Surety Co.* 281 Mass. 538, 541, the injured person besides being a traveller on the highway had the status of an employee of the insured, the defendant. See also *Adams* v. *American Employers Ins. Co.* 292 Mass. 260. The statute does not exclude as a class all employees of the insured from the right to avail themselves of the security of the policy, but excludes only those employees of the insured who are entitled to payments or benefits under the provisions of the workmen's compensation act (G. L. [Ter. Ed.] c. 152; c. 90, § 34A). Had the defendant been insured under the workmen's compensation act, Mank could not have availed himself of the security of the policy. It is a fair inference that the provision of the policy that the defendant attacks was designed to prevent employers who did not insure under the workmen's compensation act from defeating its purposes as to employees injured in the circumstances of the instant case, and from gaining an advantage over those employers who, notwithstanding that they are insured under the workmen's compensation act, are still required to bear the additional burden of complying with the compulsory automobile insurance law in order that its primary object, to provide security for the payment of damages generally for the injury or death of other travellers on public highways caused by the negligent operation of motor vehicles, should be effectuated. The defendant could have protected himself from liability to pay damages in the case at bar by becoming a subscriber under the workmen's compensation act. As he failed so to do, we think that the provision for reimbursement by the defendant to the plaintiff of any payments it was obliged to make under the terms

of the policy to an employee of the defendant who suffered bodily injury or death while engaged in the defendant's business is consistent with public policy and valid.

It follows that the verdict returned by order of the court must be set aside, and that in accordance with the terms of the stipulation set forth in the report, judgment is to be entered for the plaintiff in the sum of $3,331.25.

*So ordered.*