SIDNEY E. CLARK ET AL. *v.* HARTFORD ACCIDENT AND INDEMNITY COMPANY

BALDWIN, C. J., MURPHY, MELLITZ, SHEA and HEALEY, Js.

Argued November 1—decided December 20, 1960

*Maurice J. Buckley,* for the appellant (defendant).

*John Keogh, Jr.,* for the appellees (plaintiffs).

SHEA, J. The plaintiffs obtained a judgment in the Superior Court in Fairfield County against Walter A. Shaw as a result of an automobile collision which occurred in Stamford on August 2, 1952, when

a car driven by Shaw and owned by his mother struck a car in which the plaintiffs were riding. Shaw's mother was insured by the present defendant under a policy of automobile liability insurance written in Massachusetts, where she resided. The plaintiffs brought the instant action to recover from the defendant the amount of their judgment. The trial court rendered judgment for the plaintiffs, and the defendant has appealed.

The finding, which is not subject to any material correction, recites the following facts: On July 31, 1952, Shaw lived in Wales, Massachusetts, in a house owned by his mother. She was the owner of an automobile registered in Massachusetts. He wanted to obtain permission from her to use the car on the following week end. His license to operate a motor vehicle had been under suspension since 1946, and his mother was aware of that fact. On July 31, 1952, he was driven by George Marriott in the latter's car to Monson, Massachusetts, where Mrs. Shaw lived and was employed. Shaw and Marriott were accompanied by Dick Booth and his girl friend. Upon arriving at Monson, Shaw told his mother that he would like to go on a fishing trip to Vermont. He asked her for permission to use her car on the week end. She granted his request on the understanding that a licensed operator would drive the car. She did not limit Shaw's use of the car to any particular place. Booth drove Shaw back to Wales, where he left the car with Shaw at the latter's home. On the following evening, Shaw drove the car to Marriott's house and picked Marriott up. Shaw then drove around for a time. Later, Marriott took the wheel. Finally, the two men went to New York City, with Shaw driving. On the following evening, August 2, on their way home from New

York, the car was involved in the accident with the plaintiffs on the Merritt Parkway in Stamford. Shaw was driving at the time.

The court concluded that Shaw was an insured person under the terms of the policy issued by the defendant to Mrs. Shaw. Judgment was rendered for the plaintiffs. The defendant contends that the conclusions reached by the trial court are unsupported by the facts found and that Shaw was not a person responsible for the operation of the motor vehicle with the express or implied consent of the owner, within the meaning of the policy. The defendant also claims that even though Shaw was in control, and had custody, of the car and was responsible for its operation, he had materially deviated from the authority granted to him and his conduct in operating the car was in direct disobedience of the owner's orders.

Coverage under the policy was extended to afford protection to the insured outside of, as well as within, the state of Massachusetts. Under the terms of the policy, the word "insured" includes "any . . . person responsible for the operation of the motor vehicle with the express or implied consent of the Named Insured." The parties agree that the construction and the effect of the policy are to be determined by the law of Massachusetts. See *Cain* v. *American Policyholders' Ins. Co.,* 120 Conn. 645, 648, 183 A. 403; *New York Life Ins. Co.* v. *Rigas,* 117 Conn. 437, 440, 168 A. 22. The law of Massachusetts requires the owner, as a condition of valid registration of a motor vehicle, to furnish indemnity to persons who may be injured by it. Mass. Gen. Laws c. 90, §§ 1A, 34A (1932) ; *Guzenfield* v. *Liberty Mutual Ins. Co.,* 286 Mass. 133, 135, 190 N.E. 23. One method of furnishing the required indemnity is by taking out

a policy of insurance providing "indemnity for or protection to the insured and any person responsible for the operation of the insured's motor vehicle with his express or implied consent against loss by reason of the liability to pay damages to others . . . arising out of the ownership, operation, maintenance, control or use . . . of such motor vehicle." Mass. Gen. Laws c. 90, § 34A (1932); *Guzenfield* v. *Liberty Mutual Ins. Co.,* supra. The policy must contain provisions that liability shall become absolute whenever the loss or damage for which the insured is responsible occurs, as respects "both the owner of a motor vehicle . . . insured thereunder and any person responsible for its operation with the express or implied consent of such owner." Mass. Gen. Laws c. 175, §§ 112, 113A (1) (1932). "Such a policy makes as its assured not only the owner but also 'any person responsible for the operation of the insured's [owner's] motor vehicle with his express or implied consent'." *Guzenfield* v. *Liberty Mutual Ins. Co.,* supra.

The policy issued by the defendant to Mrs. Shaw provided the coverage required by the Massachusetts law. The purpose of the Massachusetts legislature in enacting the compulsory insurance law was to furnish to persons injured, through the use by others of motor vehicles upon public ways, security for payment of damages. *Rose* v. *Franklin Surety Co.,* 281 Mass. 538, 540, 183 N.E. 918; *Opinion of the Justices,* 251 Mass. 569, 594, 599, 608, 147 N.E. 681. "In requiring the policy—a condition of valid registration—to cover not only the owner but also any one responsible to him in its use, the [legislature] contemplated that the liability of the insurer should, so to speak, run with the car unaffected by the owner's action unless its presence on the public

ways was without his sanction. If by personal use or by operation through a servant or agent the owner permits the vehicle to be on the public ways, he or the user responsible to him (become an assured by virtue of the statute) may incur liability which the insurer must make good to the limit of the insurance. This purpose will, to a considerable extent, be frustrated if the law is construed as the defendant argues that it should be. The full benefit of the compulsory security and of the provision precluding avoidance by default of the owner will be lost, if violations of rules of conduct laid down by an owner to be observed by such as he permits to use his motor vehicle upon our ways are held to defeat an injured person's enforcement of the policy by destroying the owner's consent to the use." *Guzenfield* v. *Liberty Mutual Ins. Co.*, supra, 136.

The language employed in the defendant's policy of insurance was designed for the express purpose of meeting the requirements of the Massachusetts law on compulsory insurance. "One 'responsible' to the owner 'for the operation' of the motor vehicle with the 'express or implied consent' of the owner covers a wider field than one merely operating a motor vehicle with the express or implied consent of the owner. The difference is one of substance and not of form." *O'Roak* v. *Lloyds Casualty Co.*, 285 Mass. 532, 537, 189 N.E. 571. Any person to whom the owner voluntarily entrusts possession of his automobile for use is "responsible" to the owner for the operation of the vehicle, no matter whether the person so entrusted with possession observes or breaks the contract of bailment in his use of the car. *O'Roak* v. *Lloyds Casualty Co.*, supra. The bailee has possession of the car with the consent of the owner.

According to the finding, Mrs. Shaw gave the use of the car to her son. He became the bailee and he, as well as the owner, was, by reason of the issuance of the policy, provided with indemnity against loss by reason of the liability to pay damages to the plaintiffs for their injuries. The responsibility for the operation of the automobile was placed by the owner on Shaw with the understanding that he would not drive it. His failure to abide by this condition did not destroy his responsibility to the owner for the operation of the car. *Guzenfield* v. *Liberty Mutual Ins. Co.,* supra, 137. The indemnity provided by the policy was not made contingent upon his compliance with the terms of the contract of bailment between himself and the owner. *Boudreau* v. *Maryland Casualty Co.,* 287 Mass. 423, 426, 192 N.E. 38. The defendant's policy, interpreted under the law of Massachusetts, made Shaw, as well as the owner of the car, an "insured" within the terms of the policy, and by it he was protected against loss resulting from the liability to pay damages to the plaintiffs. *Hurley* v. *Flanagan,* 313 Mass. 567, 572, 48 N.E.2d 621; *Blair* v. *Travelers Ins. Co.,* 288 Mass. 285, 290, 192 N.E. 467; *Boudreau* v. *Maryland Casualty Co.,* supra, 425; *Rose* v. *Franklin Surety Co.,* 281 Mass. 538, 541, 183 N.E. 918.

There is no error.

In this opinion the other judges concurred.