Toomey, J.
On April 18, 2000, the parties were before the court on the motion of defendant Gary T. Sandford (“Sandford”) for summary judgment[2] in an action for declaratory judgment by plaintiff Commerce Insurance Company (“Commerce”). Arguing that its insured, Joseph I. Graziano (“Graziano”), did not have the consent of the owner to drive the car in which Sandford was injured, Commerce’s complaint seeks a declaration that it has no duty to indemnity Graziano or his parents for any judgment rendered in an action brought by Sandford against Graziano in the Westboro District Court (Civil Action No. 9767-RM-41). Commerce’s motion for summary judgment in the case at bar has been DENIED. Commerce now opposes Sandford’s present motion for summary judgment and renews its request for declaratory relief or, in the alternative, a trial on the issue of coverage.
For the following reasons, defendants’ motion for summary judgment is ALLOWED.
*211 BACKGROUND
On September 13, 1996, defendant Graziano was driving an automobile owned by Sandford’s parents; Sandford was a passenger in the vehicle. The automobile struck a tree, causing Sandford serious bodily injury’, including facial scarring. The Sandfords’ insurance carrier, Commercial Union Insurance (“CUI”), paid the Sandfords their policy limit of $20,000. The Sandfords sought further recovery from Commerce, which denied coverage and lodged the instant lawsuit.
In the past, Sandford’s mother (“Ms. Sandford”) shared use of the vehicle, a Ford Taurus, with Sandford and his sister. Ms. Sandford’s children had their own keys to the vehicle and were not required to ask their mother for specific permission to use the vehicle as long as they coordinated their use with hers. Ms. Sandford occasionally allowed her children’s friends to use the vehicle to run errands for her, trusted her son to make proper decisions concerning the use of the vehicle and knew that her son had allowed three other friends to drive the car prior to the date of the accident. Sandford and his sister were required to ensure that their use of the vehicle did not conflict with their mother’s. Otherwise, there is no evidence of restrictions on their use of the Taurus.
Commerce had issued a standard Massachusetts Automobile Insurance Policy to defendants Joseph F. Graziano (“Mr. Graziano”) and Elaine Graziano (“Mrs. Graziano”), Graziano’s parents. The Graziano policy provided “compulsory bodily injury” coverage with $20,000/$40,000 limits (Part I) and “optional body injury to others” coverage with $100,000/$300,000 limits (Part V). As a household member, Graziano was an additional insured under his parents’ policy. Under both Part I and Part v. of the Graziano policy, no payment is required where the vehicle is operated without the consent of the owner.[3] Similarly, G.L.c. 90, §34A limits compulsory insurance to “any person responsible for the operation of the insured’s motor vehicle with his express or implied consent.”
At bar, Commerce disputes that Graziano had the consent of Sandford’s mother to drive her automobile, as required by the Commerce policy. Graziano asserts that Sandford told him to take the backroads home, because he did not want his mother to see Graziano driving, and that Sandford suggested that they report that Sandford had been driving at the time of the accident. Commerce thus maintains that Graziano’s driving was not favored with the consent of Sandford’s mother.[4] Sandford, who seeks to have Commerce indemnify the Grazianos for any damages arising from the District Court action, responds that Sandford had his mother’s implied consent to let Graziano drive the car. The question of consent vel non is, therefore, the fact issue which Commerce maintains is fatal to Sandford’s motion for summary judgment. This court will conclude, however, that any factual dispute as to consent is not material.
DISCUSSION
Summary judgment is granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating that there is no triable issue of fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party suggests the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17. The non-moving party cannot defeat the motion for summary judgment by resting on his or her pleadings and mere assertions of disputed facts to defeat the motion. Lalonde v. Eissner, 405 Mass. 207, 209 (1989). At bar, the issue for this court is whether, as a matter of law, Commerce is obliged to provide coverage whether or not Graziano had Ms. Sandford’s consent to drive the vehicle.
Sandford and his mother have presented unrefuted affidavits that Sandford had general authority to operate his mother’s car for his own purposes when she did not need it, and that authority included allowing his friends to drive. Although plaintiffs assert that “the record is devoid of any facts which would suggest that" Sandford had “broad authority” to use his mother’s vehicle, that assertion is not supported by any specific facts. See Lalonde v. Eissner, supra, 405 Mass. at 209 (mere assertion of factual dispute insufficient to defeat motion for summary judgment).
In opposing defendants’ motion, Commerce relies on the alleged dispute as to whether Ms. Sandford consented to Graziano’s use of her car. Commerce argues that, because the court denied its motion for summary judgment, it should also deny defendants’ motion, there being a factual dispute as to whether Graziano had consent. While the factual dispute regarding consent was sufficient to deny Commerce summary judgment as against Graziano on the question of coverage, it does not preclude summary judgment for Sandford on the question of Commerce’s duty to indemnify Graziano pro bono Sandford. See Mass.R.Civ.P. 56(c). See also Boudreau v. Maryland Casualty Company, 287 Mass. 423, 426 (1934) (where motor vehicle owner has entrusted general operation of her vehicle to another individual, that individual has authority to allow a third person to drive, even against express wishes of owner).
In Boudreau, the owner gave her son and one Dwyer permission to use her automobile. In giving the car to Dwyer, who was licensed to drive, the owner instructed him not to permit her son, a minor, to drive. At the time of the collision, the owner’s son was driving, at Dwyer’s request, and Dwyer was riding in the back seat. The Court held that where the owner had delegated general responsibility for operation of the vehicle *212 to Dwyer, that responsibility was “not terminated by” the fact that Dwyer ignored her directions. Boudreau instructs that, even if Ms. Sandford specifically told her son that she did not want Graziano to drive the car, the fact that her son ignored her instruction is immaterial, as a matter of law, to the determinative issue of Commerce’s indemnity obligation. See also O’Roak v. Lloyd’s Casualty Co., 285 Mass. 532, 533 (1934) (responsibility for operation of motor vehicle accompanying possession conferred by owner is determinative, not whether particular operation was with express or implied consent of owner). Accordingly, we need not tarry on the factual dispute of consent because authority, which is not disputed, controls on the issue of indemnity.[5]
CONCLUSION
Where it is undisputed that Sandford’s mother had granted him general responsibility for the operation of her car at times when she did not need it, the fact that the parties dispute whether or not Ms. Sandford consented to Graziano’s driving the car is immaterial. The indemnity obligation follows the general authority, not the consent to a particular third party. Sandford had uncontested authority and Commerce is obligated, whether or not Graziano had Ms. Sandford’s consent, because Graziano’s operation was within the pale of Sandford’s authority. Accordingly, defendant is entitled to judgment as a matter of law.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendant Gary Sandford’s motion for summary judgment is ALLOWED. A judgment shall enter that Commerce Insurance Company has a duly to indemnify Joseph Ian Graziano and his parents for any judgment arising out of an automobile accident on September 13, 1996, in which Gary T. Sandford was injured.

 Because of a scrivener’s error in this court’s 10/27/00 decision denying Commerce’s motion for summary judgment, defendants’ instant motion seeks summary judgment for plaintiff. Summary judgment may be allowed for either party. See Mass.R.Civ.P. 56(c).

 Part I provides: “We will pay only if you or someone else using your auto with your consent is legally responsible for the accident.” Similarly, Part v. provides: ." . . this Part does not pay for the benefit of anyone using the auto without the consent of the owner."

 The factual dispute over whether Graziano had Ms. Sandford's consent to drive the car formed the basis for this court’s earlier decision to deny Commerce’s motion for summary judgment.

 Cases cited by Commerce for the proposition that factual disputes incident to consent require trial are inapposite. Moschella v. Kilderry, 290 Mass. 62, 66 (1935), and Hanover Ins. Co. v. Locke, 35 Mass.App.Ct. 679, 681 (1993), deal with whether the borrower had been given general responsibility for operation of the vehicle — a factual circumstance not at issue in the instant case. Closer to that before us are Muzichuk v. Liberty Mutual Ins. Co., 2 Mass.App.Ct. 266, 271 (1974), and Drescher v. Travellers Insurance Co, 359 Mass. 458, 461 (1971), where the Court found that consent to let others drive might be inferred from the parental grant of general responsibility for operation of the vehicle. The same result should obtain here.